## IVES *against* BARTHOLOMEW.

9   309
71   306

Though a party, whose declarations have been adduced in evidence against him, is entitled to have the whole conversation related, yet that part of it which is in his favour, is to be received only as explanatory of the other part, and not as substantive evidence for him.

The technical malice necessary to support an action for a vexatious suit, is any improper motive, and does not necessarily imply malignity nor even corruption, in the appropriate sense of those terms.

Thus, if a person commence an action, by attaching the goods of the adverse party, knowing that he has no cause of action, the requisite malice sufficiently appears.

And from an entire want of cause of action, in the absence of proof to the contrary, the jury may infer the party's knowledge that he had no cause of action.

An action for a vexatious suit being an action sounding in damages, a new trial will not be granted on the ground of excessive damages, except in a very strong case, where they are outrageous.

Therefore, where the actual loss proved, in such action, was only 70 dollars, and the jury gave 200 dollars damages, it was held, that this was not a sufficient ground for a new trial.

THIS was an action on the case for a vexatious suit, com-

menced, by the present defendant against the present plaintiffs by attachment, without reasonable or probable cause.

The cause was tried at *New-Haven, January* term, 1832, before *Daggett,* J.

The only claim made by the defendant, in the action brought by him against the plaintiff, was, to recover one half of the amount paid by him on a judgment in favor of *William R. Elliott* against the defendant, the whole sum being about 130 dollars. This judgment was rendered on a promissory note for 100 dollars, signed by the plaintiff and the defendant, and payable to one *Joseph Bartholomew,* or order, and by him indorsed and delivered to said *Elliott.* It was an accommodation note, given without consideration, and for the purpose of obtaining money, by getting it discounted. The money sought to be recovered had been in fact paid, by the present defendant, before the commencement of his action. The point in controversy, on the trial, was, whether the note was made for the use of the defendant, or of *Joseph Bartholomew,* the payee, who became insolvent ; the plaintiff claiming the former, and the defendant the latter. In support of the plaintiff's claim, he introduced two witnesses to prove a conversation with the defendant, to whose competency no objection was made ; and they related the whole conversation. In this conversation certain facts were stated, which the defendant claimed to be relevant, tending to establish the defence set up; and he, therefore, insisted, that the whole conversation ought to be considered by the jury as evidence. This claim of the defendant was resisted, by the plaintiff. The judge charged the jury, that the whole testimony ought to be received and considered by them ; but that such of the facts stated by the defendant in said conversation as were in his own favour, the jury were not bound to believe; but the whole was to be received together, for the purpose of deciding whether it could be explained so as to leave no impression against the defendant.

No evidence was offered by the plaintiff, tending to prove any express malice in the defendant in the commencement of his action against the plaintiff; or that he commenced it with a malicious intent unjustly to vex or trouble him ; and the defendant claimed, that unless the jury should find, that all the facts known or believed by the defendant to be true rela-

New-Haven,
July, 1832.

Ives
v.
Bartholomew.

ting to that action, were insufficient to justify an honest mind in the belief that he had probable cause of action against the plaintiff, they ought to find a verdict for the defendant. But the judge charged the jury, that if they should find, that the defendant, when he commenced his action against the plaintiff, had no cause of action, and that he knew that he had no cause of action, this would be sufficient evidence, in the absence of proof to the contrary, of malice ; and that if they should find, that the defendant had no cause of action, they might infer from this fact, in the absence of proof to the contrary, the fact of his knowledge that he had no cause of action.

In relation to the damages, the plaintiff offered evidence to prove, that his expences in retaining and employing counsel to defend against said action, in summoning witnesses and in attending court, after deducting the taxable costs, with his counsel fees in this action, amounted to 70 dollars; and offered no further evidence of costs or expences in this action or the former one. The jury returned a verdict for the plaintiff to recover 200 dollars damages and his costs; which was accepted by the court.

The defendant moved for a new trial, on the ground that the charge was erroneous and the damages excessive.

*Sherman* and *Stanley*, in support of the motion, contended,
1. That the defendant was entitled to have the whole conversation go to the jury *as evidence*. The plaintiff having introduced the admissions of the defendant, made in a conversation with third persons, the defendant was thereby constituted the plaintiff's witness as to that conversation; and what he said in his own favour is as truly evidence and as much entitled to credit with the jury, as what he said against his interest. It is *substantive* evidence, and not mere matter of explanation. If the whole conversation, taken together, was in favour of the defendant, he was entitled to the positive benefit of it ; and it was not enough, that it left no impression against him. It is like a disclosure in chancery : the plaintiff having called for it, the whole is to be taken as substantive evidence, let it make *for* or *against* whom it will. It is not, indeed, claimed to be *conclusive*. Other witnesses may, undoubtedly, be called to prove the facts otherwise.

New-Haven, Still it is all evidence ; not part evidence, and part some-
July, 1832. thing else.

Ives
v.
Bartholomew.

2. That although it may not be necessary, to support this action, to prove actual *malice*, in the common acceptation of that term, yet proof of an actual *bad intention* is indispensable ; and the charge of the judge dispensed with proof of that fact. According to the charge, this action may be sustained, by shewing simply, that the former action was groundless. But the mere want of a cause of action is no evidence of any bad intention in the plaintiff. The cause of action frequently depends on the *law;* about which different persons, and even judges, may honestly differ in opinion. And even where the cause of action depends upon matters of *fact* alone, does the plaintiff always, or generally, know beforehand what his witnesses will testify; or what credit the jury will give to their testimony; or with what opposing testimony his evidence may be met and its effect destroyed ?

3. That the damages given were excessive, being double or treble the amount actually sustained; and this, too, in a case where the defendant, consistently with the finding under the judge's charge, might have acted with the utmost purity of motive.

*Seeley* and *C. A. Ingersoll*, contra, were stopped by the Court.

DAGGETT, J. There are three' grounds on which the defendant insists on a new trial.

1. He claims that the charge was wrong as to the effect of his declarations, given in evidence by the plaintiff. I take the rule of law to be, that declarations of a party against his interest are always admissible in evidence. They may weigh little, or they may furnish strong, nay, irresistible proof. Declarations in one's favour, strictly speaking, are not admissible at all. But where a witness is called to relate the conversation of a party, all which was said at the time, if required, must be testified. This rule rests on solid principle. A person is always presumed to speak favourably for himself, and never to allege any thing against his interest, unless it be true. For the same reason, where a person has stated a fact altogether in his favour, a witness never can be permitted to tes-

tify to that declaration: in other words, a party cannot make testimony for himself. But where a party calls a witness to relate declarations of his antagonist, the witness must state the whole of that conversation, and it must be submitted to the jury for their consideration, to the end that all unfavourable impressions may thereby be removed. But there is not, nor ever was, any rule, which required a jury to believe what a party has said in his own favour. On a trial for the theft of a watch, a witness swears, that the prisoner acknowledged to him, that he took the watch, in the night, from the owner's house, but he adds, that the owner gave him licence to enter his house and take his watch, at any time. The jury might readily believe the first part of the confession, and as readily disbelieve the other part.

*New-Haven,*
*July, 1832.*

Ives
*v.*
Bartholomew.

2. That part of the charge is complained of, in which the court instructed the jury, that if they should find, that the defendant, when he commenced his suit, had no cause of action and knew that he had none, this would be sufficient evidence, in the absence of proof to the contrary, of malice; and that they might infer, if he had no cause of action, in the absence of proof to the contrary, his *knowledge* that he had no cause of action. It is difficult to see any error in this direction. Malice, in reference to this subject, is any improper motive. It need not imply malignity, nor even corruption, in the appropriate sense of those terms. If a person commence an action, by attaching the goods of the defendant, *knowing* that he has no cause of action, he intends to vex, harass and injure him; and this is malicious enough.

3. It is said, the damages are too high. This is an action sounding in damages. No precise rule can be laid down. It must be a strong case, and where the damages are outrageous, to warrant the Court to grant a new trial, in an action of tort of this kind.

None of these objections, then, can prevail; and a new trial must, therefore, be denied.

The other Judges were of the same opinion.

New trial not to be granted.