### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

# AT AMERICUS,

## JULY TERM, 1855.

Present—JOSEPH H. LUMPKIN,
EBENEZER STARNES, } *Judges.*
HENRY L. BENNING.

No. 26.—THOMAS D. FRITH, plaintiff in error, *vs.* FRANCIS FRITH, defendant in error.

[1.] A husband sues his wife for a divorce, alleging that, at the marriage, she was pregnant, and that he was ignorant of the pregnancy. The wife applies for temporary alimony. The husband resists the application, and offers to prove the truth of his allegation. The Court refuses to receive the proof, and grants the alimony: *Held*, that the Court did right.

Libel for divorce, in Randolph Superior Court. Decision by Judge PERKINS, October Term, 1855.

Thomas D. Frith commenced a libel for divorce, on the ground that his wife was pregnant at the time of marriage, and concealed the fact from him. A motion was made for temporary alimony and Attorney's fees, when Counsel for libellant proposed to prove, by various witnesses, and the con-

fessions of the wife herself, that the ground taken in the libel was true. The Court rejected the evidence and granted ten dollars per month as temporary alimony, and one hundred dollars for Attorney's fees. This decision is assigned as error.

The same point was made in other assignments.

H. HOLT, for plaintiff in error.

DOUGLAS, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the husband, under the particular facts of this case, bound to supply to the wife temporary alimony; and, also, a sum sufficient to pay her Attorneys their fees? This is the sole question.

It was insisted, for the husband, that as the wife, in the marriage, had practised a fraud upon him, which fraud he was able to prove by her own confessions, as well as by other evidence, he was not.

But we do not see that this distinguishes his case from the cases in which the husband has been held to be so bound. This, if true, amounts only to the making out of a case, on the part of the husband, which will give him a title to a divorce. And if, when the husband says he is able to make out such a case as that, he is to be relieved from alimony, and the expenses of the wife's side of the suit, then the number of cases in which he will not relieve himself from such alimony and expenses, will probably be small.

In *McGee vs. McGee*, (10 *Ga. R.* 478,) a case in which the husband was the defendent in the libel, the husband answered, on oath, denying the ground of the libel, and offering, as he said he had repeatedly done before, to receive the wife again into his house; yet, he was made to pay alimony. To the same effect are *Methvin vs. Methvin*, (15 *Ga. R.* 98,) and *Roseberry vs. Roseberry*, (17 *Ga. R.* 139.)

The rule is thus stated by *Shelford:* "After proof of a

marriage in fact, alimony, pending the suit, will be allotted, whether it be commenced *by* or *against* the husband, not only in cases of impotency, but in all cases of nullity of marriage, and in suits for restitution of conjugal rights, or for divorce, by reason of adultery or cruelty." And this statement of the rule seems to be well supported by decided cases. I refer, particularly, to *Portsmouth vs. Portsmouth*, (3 *Ad.* 63,) and *Bird vs. Bird*, (1 *Lee*, 209.)

According to this last case, this Court, in *Roseberry vs. Roseberry*, went too far in permitting the husband to object to the payment of the alimony; that the marriage, though a marriage *de facto*, was not one *de jure.*

We think, therefore, that the Court below was right in refusing to receive the husband's offered proof.