MARTIN, CH. J. did not sit.

———◆———

## Elizabeth Porritt v. Joseph Porritt.

*Divorce: Habitual drunkard.* The statute — *Comp. Laws*, § 3227 — provides that a divorce may be granted when either party "shall have become an habitual drunkard." To bring a case within the full intention of this statute the defendant must have become an habitual drunkard after the marriage.

Whether the complainant's ignorance of such habits at the time of the marriage, would authorize a divorce, *quære.*

*Heard, October 15th. Decided October 22th.*

Appeal in Chancery from Wayne Circuit.

The bill in this case was filed to obtain a divorce on the ground of cruelty and habitual drunkenness.

The defense set up was that defendant was an habitual drunkard when complainant married him, and that she knew it.

A decree was made in favor of complainant.

PORRITT *v.* PORRITT.

*J. Logan Chipman,* for complainant.

*Ward & Palmer,* for defendant.

CHRISTIANCY J.

The bill in this case prays for a divorce on two grounds:
First, that the defendant has become an habitual drunkard; and Second, on the ground of extreme cruelty.

It is conceded that the evidence fails to sustain the charge of cruelty.

The answer partially admits, and the evidence fully establishes, the charge of habitual drunkenness. But the answer insists, and the evidence, we think, shows that his habits in this respect were substantially the same prior to the marriage, and that complainant was well aware of this when she married him.

If the mere fact of habitual drunkenness without reference to the time of its commencement, or the complainant's knowledge of it, be recognized as a sufficient ground for a divorce, we see no reason why she might not have filed her bill on the same ground on the day of the wedding. Nor, if this bill can be sustained, can we see any good reason why we ought not to have sustained it, had she come directly from the wedding into court, and presented her bill, alleging that she had just married a man knowing him to be an habitual drunkard, and asking the court to grant her a divorce, because she had changed her mind and repented of her folly.

Judging from the evidence before us, we are not disposed to deny that the welfare of the parties might be promoted by a divorce; but we think the statute gives us no power to grant it upon the facts of this case.

The statute gives the power on the ground of drunkenness, only when the defendant " *shall have become an habitual drunkard.*" To bring a case within the fair intention of this statute, we think the defendant must have become an

habitual drunkard after the marriage; unless perhaps, when his habits have been concealed from the complainant's knowledge until after the marriage, a point upon which we express no opinion, as it is not before us.

The decree of the Circuit Court granting a divorce must be reversed, and the bill dismissed.

The other Justices concurred.