JUDGE LINDSAY
delivered the opinion of the court.
The petition in this case specifically alleges that the marriage sought to be annulled was “brought about by force and duress,” *697 tbe appellant being at the time of its celebration held in unlawful custody, and impelled to act alone by fear of death or great bodily harm, which fear was superinduced by the threats and conduct of the brother of appellee. And further, that appellant repudiated the supposed marriage and separated from the defendant as soon as he was restored to his liberty. The demurrer admits the truth of these averments.
The common law treats a matrimonial union of this kind, where the injured party has not ratified or affirmed it after all constraint is removed, as void ab initio, and permits its validity to be questioned in any court, at the option of such party, upon the palpable ground that the element of mutual consent, so essential to every contract, is wanting. (Schouler’s Domestic Relations, 35; 2 Kent’s Com. 76-77; 1 Bishop on Marriage and Divorce, fourth ed., 164-215.)
Section 5, article 1, chapter 47 of the Revised Statutes provides that “the courts having chancery jurisdiction may declare void a marriage obtained by force or fraud.”
It seems to this court perfectly clear that a cause of action within the jurisdiction of the circuit court is presented by the petition, and hence that it was error to sustain the general demurrer. It is true the appellant does not ask the appropriate relief; but the mere fact that he asks a decree of divorce instead of a judgment declaring the marriage void did not authorize the court to refuse to inquire as to whether he is entitled to that relief which, under the averments in his petition, will be proper.
The exception to appellant’s deposition was properly sustained. His petition' shows that the marriage, the validity of which is called in question, was celebrated according to the forms of law. It is therefore prima facie a valid marriage. The onus is upon appellant to establish the force and duress complained of, and to make out a state of case authorizing the conclusion that he has not ratified the marriage by the *698 exercise of any marital right since the removal of the alleged constraint. As yet he is to be regarded as the husband of the appellee, and so long as this legal presumption exists he can not be allowed to testify against her. Public policy requires that .a person shall not be allowed by his own oath to establish a state of facts authorizing or requiring the courts to annul a marriage to which he was a party, and in the celebration of which the requirements of the law were duly observed.
We do not regard the testimony act of January 30, 1872, as conferring upon a party, situated as is this appellant, the right to testify in his own behalf. That act does not authorize husband and wife to testify in cases in which they are antagonistic parties. It is manifest that in order to make appellant a competent witness in 'this case it must be assumed that the marriage he seeks to have annulled was obtained by force, and has never been voluntarily consummated by him. If this assumption be indulged, then it is wholly immaterial whether he testifies or not, as the court will in any event declare it void. As before stated, the marriage is prima facie valid, and it must'be so treated by the courts until adjudged to be void.
Hence in estimation of law appellant is the husband of appellee, and not a competent witness in this case; but for the error in sustaining the general demurrer and in dismissing appellant’s petition the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.