CHARLOTTE C. WITHEE *vs.* HAM BROOKS, administrator of
P. M. Withee.

Androscoggin, 1875.—September 29, 1875.

*Practice. Fraud. Trespass on the case.*

When a case is before the law court on exceptions the only questions open for consideration are those presented in the bill of exceptions.

Where a woman is led into a void marriage with a married man, under his false pretense that he is a single man, he being at the time, a married man and having a lawful wife alive, *held*, that an action for deceit therefor is an action of trespass on the case within the meaning of R. S., c. 87, § 9, which declares among other things that actions of trespass on the case survive; and *held* further, that in case of his death, the right of action survives against his personal representative.

An action on the case is maintainable by a woman against a man for his deceit by which she is led into a void marriage with him; and such action survives against his administrator under R. S., c. 87, § 9.

ON EXCEPTIONS.

TRESPASS ON THE CASE, declaring (*inter alia*) that the plaintiff, January 3, 1868, at Winthrop, a single woman, became acquainted with Parker M. Withee, a doctor, practicing medicine, then in life and health; that he contriving and designing maliciously to injure the plaintiff and to deprive her of her time and personal labor and means of support, and also, in the event of her marriage with him, to deprive her of any share of his property, and of the rights by

law of a widow in the event of his decease, falsely and deceitfully pretended himself to be sole and unmarried and, making many protestations of his affections for her, requested the plaintiff to marry him; that the plaintiff consenting, the plaintiff and said Parker M. Withee were by the fraud, and deceit of said Withee joined in marriage; that she cohabited with him until July 5, 1872, when he died, possessed of personal estate of the value of $1000, and of real estate of the value of $2500; that the said Withee on the said third day of June and ever since up to the time of his death was a married man and had a lawful wife living other than herself of which she was ignorant during his life time, by means whereof he had injured her, destroyed her peace of mind, deprived her of her rights as a widow, &c., laying damages at $2000.

The defendant demurred to the declaration on the ground that the cause of action did not survive. The presiding justice *pro forma* overruled the demurrer and the defendant excepted.

*W. P. Frye, J. B. Cotton* and *W. H. White,* for the defendants.

In support of the cause of demurrer assigned, the counsel claimed 1, that such action is against public policy; 2, it does not survive at common law; 3, it does not survive by force of any statutory provision. They also claimed that the declaration was fatally defective in form, because it did not allege that the plaintiff relied upon the alleged fraudulent representations.

To the first point they cited, Kent's Com., 2, p. 31; Schouler's Domestic Relations, pp. 22, 23; Story's Conflict of Laws, § 108, n.; Frasier's Domestic Relations, 87.

To the second point, they cited *Grimm* v. *Carr,* 31 Penn. St. R., 533; *Nersum* v. *Jackson,* 29 Geo., 61; *Watson* v. *Loop,* 12 Texas, 11; *Browne* v. *Sturtevant,* 9 Geo., 69; *Read* v. *Hatch,* 19 Pick., 47; 14 Howard, 22.

They contended thirdly, that although this was trespass on the case, yet the provision of R. S., c. 87, § 8, that actions of trespass on the case survive, was not intended for a case like this. The statute of 1841, c. 129, § 15, added to the words trespass on the case, "for damage done to real or personal property." These

words were stricken out in the statute of 1857, in the revision, c. 87, § 8. The Massachusetts decisions under a statute like ours of 1841, has received interpretations in *Stebbins* v. *Palmer*, 1 Pick., 71; *Cutting* v. *Tower*, 14 Gray, 183; *Read* v. *Hatch*, 19 Pick., 47.

The principle contended for by the counsel was, that under the statutes of 1871 and 1857, interpreted by reference to the statute of 1841, though damages to the property would survive, damages to the person would not, without an allegation of special damages, and that the application of the principle was the same whether the action was in contract or tort.

The Mass. statute, 1842, providing that under trespass on the case, actions for damages to the person survive, was interpreted in *Smith* v. *Sherman*, 4 Cush., 408, to apply only to damages of a physical character. The action *Hooper*, admr., v. *Gorham*, 45 Maine, 209, was for a physical injury, while this was for an injury to the feelings. The action *Hovey*, admr., v. *Page.*, 55 Maine, 142, decides that "an action for breach of promise of marriage, when no special damage is alleged in the writ, does not survive, and that the allegation must be of damage to the property and not to the person merely."

*M. T. Ludden,* for the plaintiff.

I. The question raised by the bill of exceptions is the only question open for consideration. *White* v. *Jordan*, 27 Maine, 378.

II. There is no distinction between an action of the case founded on tort and trespass on the case. The difference in the form of the words is accidental rather than real. *Hooper* v. *Gorham*, 45 Maine, 209.

III. A woman may maintain an action at law for the deceit by which she is led into a void marriage. *Fellows* v. *Emperor*, 13 Barb., 92. *Hutchinson* v. *Ham*, 1 Smith, 242. Lady Cox's case, 3 P. Wms., 389.

IV. Actual damages may be recovered in this action of trespass on the case, against the administrator. R. S., c. 87, § 9.

DANFORTH, J. In this case there was a general demurrer to the declaration, which was overruled. The exceptions state that "the

ground of demurrer is that the cause of action does not survive." To that ground alone, then, are we confined whatever may be the formal or technical defects in the declaration.

The first objection is that the action is against public policy and could not therefore be maintained even in the life time of the wrong doer. But on what ground it is claimed to be against public policy does not distinctly appear. It is not for the purpose of annulling a marriage contract on the ground of fraud, as seems to be supposed, judging from the argument and authorities cited. On the other hand, the great cause of complaint is that, while by fraudulent misrepresentation the form of a marriage was consummated, its substance was wanting. The contract itself was illegal and void from the beginning. Thus while the offender proposed to obtain for himself all the advantages of a legal marriage, he assumed none of its responsibilities. If, therefore, the sacredness of the marriage tie is involved, it would seem to require the punishment, rather than the protection of such a violation of its sanctity ; and that such is the policy of the law is made sufficiently evident from the statute providing for the punishment of polygamy.

The declaration alleges in substance, though perhaps not in form, that through certain false and fraudulent representations the plaintiff was induced to enter into an illegal and void marriage with the defendant's intestate, whereby she lost several years of time and labor, with her share of the property left at his decease, besides having suffered an injury to her character and great distress of mind.

That such an action under the proper amendments, if any are needed, if the allegations are proved, may be maintained, can hardly admit of a question. The alleged misrepresentations contain all the elements necessary to make them actionable. They are not matters of opinion, estimate, intention, or promise; but are representations of existing facts, clear and explicit, such as were material to enable the plaintiff to act in the matter intelligently, of vital importance as the determining ground of her action and such as might well induce her belief. At the same time, they were facts necessarily within the knowledge of the defendant's testator, and well calculated to produce as a proximate result the

damage claimed so far as the loss of labor is concerned. Whether the other injuries would follow, or if so, would be grounds for the assessment of damages need not now be determined.

It may be true that the plaintiff could not sustain an action for her labor founded upon a promise express or implied, for the reason that it was obtained from her under such circumstances as would exclude any promise. But this, if so, would only be an additional ground for sustaining this action to recover for an actual loss, caused by fraud, and for which she has no other remedy.

Nor can we say that the marriage contract was the proximate result of the fraud, for no such contract was consummated, except in form, and we must presume that defendant's intestate knew that under the circumstances it could not be. The attempting it must have been a mere pretense to accomplish the desired end, and was an aggravation rather than a diminution of the alleged fraud, or perhaps the fraud itself accomplished by fraudulent means.

The action being maintainable, it clearly survives, not at common law, but by the provisions of the statute, R. S., c. 87, § 8. It is there provided that actions of "trespass and trespass on the case shall survive." To this there is no qualification whatever. That this action is "trespass on the case" is conceded. It therefore comes within the express terms of the statute.

It is however claimed that in the case of *Hovey*, admr., v. *Page*, 55 Maine, 142, such a construction of the statute was adopted as would exclude this one from its provisions. But a more careful examination of that case will show this view of it to be an error. No construction of the statute was there attempted. The only allusion to it was, that the case did not come within its provisions. That action was for a breach of promise of marriage, and was therefore founded upon a contract. It is one of the very few, perhaps the only one, in form *ex contractu*, which does not survive at common law, and even that was taken out of the general rule and survived, when the declaration contained an allegation of special damage to property. Certain proof was offered, which, it was claimed, was tantamount to such an allegation, and the only question involved and discussed was, whether the testimony offered with an amendment of the declaration to correspond, would bring

the case within the exception so that it might survive, not by the force of the statute, but at common law.

The statute, being in derogation of the common law, is undoubtedly to be strictly construed. Still we are not, in its construction, to exclude or do violence to any of its terms, nor add any qualification not fairly found there, for the purpose of taking any particular action from its provisions. In the revision of 1841, to the words "trespass on the case" was added the clause "for damage done to real or personal property." In the subsequent revisions that clause has been omitted. This must be presumed to have been done for some purpose. As it now stands, all actions of "trespass on the case" without modification or qualification are made to survive. The term "trespass on the case," considering the connection in which it stands, and the purpose of the legislature as indicated by past legislation upon this subject, may be fairly construed to mean all actions of tort which are properly designated by the term, whether of injury to the property or person. This view is not inconsistent with the cases cited from Massachusetts, as they are based upon a statute materially differing from ours.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.