ROBERT I. STATES

*v.*

CLARA STATES.

|      |     |
| ---- | --- |
| 37   | 195 |
| 62   | 22  |

A man who himself has been guilty of ante-nuptial incontinence with the woman whom he afterwards marries, is not entitled to a divorce because she happens to have been pregnant by another at the time of his own transgression, concerning which she deceives him.

---

On bill for divorce.

*Mr. A. B. Dayton,* for complainant.

BIRD, V. C.

A divorce is asked for in this case, on the ground of fraud. Two and a half months after the marriage the defendant gave birth to a fully-developed child. The complainant declares that he is not the father of it. Taking this to be true, then what?

The complainant says that he " was induced by the enticements and allurements " of the defendant " to have sexual intercourse with her, and that afterwards (about two months) she represented

to him that she was about two months advanced in pregnancy, and that her offspring would be his;" and that a physician, whose name she gave, assured her that the period of gestation had been running about two months. He trusted in these representations.

Now, is he entitled to the aid of a court of conscience ? Can a man who has been guilty of one of the grossest acts of immorality, expect any court to undo the toils which envelop him because of such immorality ? Would any court, after listening to his confession, be justified in dissolving his fetters ? I think not. He transgressed; and this transgression blinded him; otherwise, too, he would have been free from importunities to marry, and from all false statements as to his liability.

Then why should he have been deceived by her entreaties or representations ? He knew of her dishonor; he knew as well that she would deceive. He had participated with her in crime; why, then, should he be surprised by her falsehoods ? She advertised her infidelity as well as her unchastity.

But the avenue for full information was before him. The

NOTE.—A marriage obtained by fraud or duress, may, like any other contract, be annulled, *Le Brun* v. *Le Brun*, 55 Md. 496 ; *Pyle* v. *Pyle*, 10 Phila. 58 ; *Stevenson* v. *Stevenson*, 7 Phila. 386 ; *Robertson* v. *Cole*, 12 Tex. 356 ; *Ferlat* v. *Gojon*, Hopk. 478 ; *Sloan* v. *Kane*, 10 How. Pr. 66 ; *Tilby* v. *Hayes*, 27 Hun 251 ; *Finn* v. *Finn*, 62 How. Pr. 83 ; *Bassett* v. *Bassett*, 9 Bush 696 ; *Keyes* v. *Keyes*, 22 N. H. 553 ; *Lyndon* v. *Lyndon*, 69 Ill. 43 ; *Barnes* v. *Wyethe,* 28 Vt. 41; see *Elzey* v. *Elzey*, 1 Houst. 308 ; *Cronise* v. *Cronise*, 54 Pa. St. 255 ; *Clarke* v. *Clarke*, 11 Abb. Pr. 228 ; *Tomppert* v. *Tomppert*, 13 Bush 326 ; *Wier* v. *Still*, 31 Iowa 107; *Withee* v. *Brooks*, 65 Me. 14 ; *Reg.* v. *Swanson*, 7 Mod. 101; but a marriage performed while the husband is under arrest as the putative father of a bastard, is not void for duress, *Sickles* v. *Carson*, 11 C. E. Gr. 440 ; *Jackson* v. *Winnie*, 7 Wend. 47 ; *Williams* v. *State*, 44 Ala. 24; *Johns* v. *Johns*, 44 Tex. 40,; *Benton* v. *Benton*, 1 Day 111; but see *Scott* v. *Schufeldt*, 5 Paige 43 ; *Collins* v. *Collins*, 2 Brews. 515.

A marriage void on account of duress, may be ratified by the innocent and injured party, *Hampstead* v. *Plaistow*, 49 N. H. 84.

A marriage invalid because one of the parties was an infant, may be ratified afterwards by the infant, *Case LXXXIV.* Jenk. *95 ; *Lockhart's Trusts*, 11 Irish Jur. (N. S.) 459 ; *Blumenthal* v. *Tannenholz*, 4 Stew. Eq. 195, note.

As to consenting to a fraudulent marriage, *Templeton* v. *Tyree*, 27 L. T. (N. S.) 429.

A wife's ante-nuptial incontinence is not valid ground for a divorce, *Perrin*

defendant herself opened the door. She told him she had consulted a physician. Why did not he do the same ? An examination by an expert would have revealed the true condition of the fœtus.

The master reports neither for nor against the petitioner, but encourages the favorable action of the court because of the youth and good standing of the complainant. He was of the age of twenty years ; certainly not too young to know that he both violated the law of his country and sinned against the honor and integrity of the family which he now holds up as a shield. Good standing is a tower of strength to the innocent; but the confessedly guilty are on the same level as any other wrong-doer.

There is no countenance in law for the prayer of the complainant. It is expressly repudiated in *Carris* v. *Carris, 9 C. E. Gr. 516.*

I shall advise that the bill be dismissed.

---

v. *Perrin, 1 Addams 1; Leavitt* v. *Leavitt, 13 Mich. 452 ; Varney* v. *Varney, 52 Wis. 120.*

Nor the fact, which her husband knew, that she had had a bastard child, *Farr* v. *Farr, 2 McArth. 35 ; Smith* v. *Smith, 8 Oreg. 100.*

Nor the fact, which her husband knew, that the woman was the wife of another, *Tefft* v. *Tefft, 35 Ind. 44.*

If a wife fraudulently conceals her pregnancy at the time of the marriage, and represents herself to her husband as virtuous, a divorce may be decreed, *Morris* v. *Morris, Wright 630 ; Baker* v. *Baker, 13 Cal. 87 ; 1 Cent. L. J. 383 ; Ritter* v. *Ritter, 5 Blackf. 81 ; Guilford* v. *Oxford, 9 Conn. 321; Reynolds* v. *Reynolds, 3 Allen 605;* see *Frith* v. *Frith, 18 Ga. 273 ; Porritt* v. *Porritt, 16 Mich. 140 ; Montgomery* v. *Montgomery, 3 Barb. Ch. 132.*

In *Allen's Appeal, 99 Pa. St. 196,* whether the concealment of her pregnancy by a woman at the time of her marriage, amounted to fraud entitling her husband to a divorce therefor, was held to be a question for the jury.

That the husband, having had sexual intercourse with the woman whom he afterwards married, and that she represented to him that she was pregnant of a child, of which he was the father, and thereby induced him to marry her, whereas in fact he was not its father, is not such fraud as will avoid the marriage, *Scroggins* v. *Scroggins, 3 Dev. 535 ; Foss* v. *Foss, 12 Allen 26 ; Crehore .t. Crehore, 97 Mass. 330 ; Long* v. *Long, 77 N. C. 304; Hoffman* v. *Hoffman, 30 Pa. St. 417;* see *Barden* v. *Barden, 3 Dev. 548 ; Hedden* v. *Hedden, 6 C. E. Gr. 61.*—REP.