Alma Chakoian
vs.       } Div. No. 19256
Peter Chakoian

December 21, 1925

BAKER, J. Heard on respondent's motion to vacate or modify a decree entered providing for allowance pendente lite and to stay the service of an execution issued thereon.

The decree in question was filed August 27, 1925.

As the basis of his motion, the respondent claims that the record in the case, together with the record of divorce case No. 11189 on the files of this court, shows conclusively that the petitioner herein is guilty of bigamy, in this, that at the time she went through a marriage ceremony with the respondent, she had not received a final decree in a divorce proceeding against her former husband. In other words, the respondent argues that the petitioner has never been his legal wife and that he is not required to pay her allowance pendente lite.

In answer to this claim, the petitioner relies chiefly on the case of Leckney vs. Leckney, 26 R. I. 441, in which case temporary allowance was given a petitioner under somewhat similar circumstances. It is true that the Leckney case and the case at bar are not entirely similar. The respondent argues that in the Leckney case, the petitioner had acted in good faith and was the innocent party, which appears to have been so, but that in the case at bar the petitioner is not innocent and must have known of her wrongdoing. It did not appear at the hearing on the present motion whether or not the respondent knew of the petitioner's previous marriage or of the divorce proceedings, or whether or not any final decree had been entered at the time he married petitioner.

An examination of the decision in the Leckney case, however, in the judgment of the court shows that the decision is based upon the broad construction of our divorce statute. The Court says: "Owing to the difference between the language of our statute and that of other States relating to the subject of divorce, but little aid can be obtained from the decisions of the courts of those States in regard to the proper construction of the statute before us." Further, the basic principle of the decisions appears to be that where the parties have entered into a contract of marriage, they become at least husband and wife de facto, and some action of a court is necessary in order to protect the rights of both the parties before the public, and such a decree can only be obtained by prosecuting a petition for divorce.

The respondent has called to the Court's attention several cases which at first reading appear to be in point with the present case.

Collins vs. Collins, 71 N. Y. 269;

Freeman vs. Freeman, 49 N. J. Eq. 102;

Reed vs. Reed, 85 Miss. 126.

In these cases, the Court refused to allow alimony pendente lite. A careful reading of the opinions, however, shows that in each case the ground upon which the decision rests is that the marriage of the parties was void ab initio and that, therefore, the woman was never in any sense the wife of the man and that she is entitled to no allowance.

This doctrine is distinctly repudiated in the case of Leckney vs. Leckney, supra, where it is held that a de facto marriage is sufficient to support an order for allowance pendente lite.

After careful consideration, the Court has come to the conclusion that the general principles set out in the opinion in the Leckney case, supra,

are broad enough to cover the situation in the case at bar. The Court does not believe that the fact that the petitioner in this case may prove to be the guilty party would necessarily prevent her receiving temporary allowance. In the case of Frith vs. Frith, 18 Ga. 273, cited in the Lechney case, an examination of the opinion shows that in that case the woman respondent was apparently the guilty party but was nevertheless given an allowance pendente lite and a previous decision of the Georgia Supreme Court was not followed.

The respondent, in support of his motion, also argues very earnestly that the granting of an allowance is discretionary and that in this case the Court should exercise its discretion and refuse to grant the petitioner any allowance because of the condition of the record herein.

After considering this matter carefully, and realizing that it has considerable force, the Court nevertheless has come to the conclusion that it should not at this time prevent the petitioner from obtaining counsel and witness fees and allowance when she is seeking to prosecute a divorce petition to terminate what is, apparently at least, a de facto marriage between herself and the respondent.

The respondent also claims that as the grounds for divorce in this petition are cruelty and neglect to provide, the petitioner should not be given an allowance because she should have brought proceedings looking toward the annulment of the marriage in question.

In the opinion of the Court this objection does raise a rather troublesome question. The Court feels, however, after due consideration, that it should not go into the merits of the controversy between the husband and the wife at any great length on the preliminary motion now before it. The Court does not believe that on this ground alone it should vacate the decree now in effect.

On the whole matter, therefore, the Court denies the motion to vacate the decree providing for allowance pendente lite and the order staying execution thereon may be vacated.

It does appear, however, from statements made at the hearing, as though the decree in question should be modified owing to change of circumstances. No testimony was taken at the present hearing and the Court does not feel at this time that it has enough of the facts before it to warrant it in modifying the decree to any specific amount. The Court will hear the parties further in the matter of modification at their convenience.

For Petitioner: George Helford·
For Respondent: Frank H. Wildes.

