7 N.J. Super. 595 (1950)
72 A.2d 412
RUTH S. RHOADES, PLAINTIFF,
v.
E. RALPH RHOADES, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 3, 1950.
*596 For plaintiff, Messrs. Budd & Larner (Mr. Samuel A. Larner).
For defendant, Messrs. Brady & Daly (Mr. Robert R. Daly).
McLEAN, J.S.C.
Plaintiff brings this action for separate maintenance. Defendant by his answer and counterclaim denies the validity of the marriage and seeks an annulment, setting up that by falsely representing to him that she had borne a male child of which he was the father, plaintiff had induced him to marry her. This is the plaintiff's motion to dismiss the counterclaim.
The plaintiff would be adequately protected by raising these issues at final hearing, but she seeks to avoid any possibility which may arise of interference with the life of the child, adopted shortly after birth. She points out that at a full hearing facts might be disclosed with respect to the *597 adoption and the names of the persons adopting the child which might incite the defendant to an investigation or some proceeding to assert rights of parentage which could destroy the normal existence of the child and mar his relationship with his adoptive parents. The request appeals to me as reasonable and sufficient for disposing of the motion forthwith. In matters where children are concerned the welfare of the child is paramount. Seitz v. Seitz, 1 N.J. Super. 234, 240; R.S.A. 2:50-1f. The preliminary disposal of this motion is in accord with that policy.
For the purpose of this motion it must be assumed that the allegations of the counterclaim are true; to wit, that a child was not born; that the statement of plaintiff was false and made to induce defendant to enter into the marriage and was relied upon by him.
It is important to note that we are here concerned with a consummated marriage. While the authority of the court to decree fraudulent contracts of marriage void springs from its jurisdiction to avoid ordinary contracts, such fraud as is sufficient to annul an ordinary contract will not suffice in the case of consummated marriage contracts. Herr, "Marriage, Divorce & Separation," Vol. 1, p. 122, Pf. 115.
The applicable law, with supporting authorities is stated in Lindquist v. Lindquist, 130 N.J. Eq. 11, and Akrep v. Akrep, 1 N.J. 268. Briefly stated, the fraud sufficient to nullify a consummated marriage must be of an extreme kind and affect the essentials of the contract. What is sufficient fraud must be evaluated and determined by the facts and circumstances of each case.
In Carris v. Carris, 24 N.J. Eq. 516, the fraudulent concealment of pregnancy at the time of marriage was there described as sufficient fraud, and in Crane v. Crane, 62 N.J. Eq. 21 (Ch. 1901), where the bill sought a decree annulling the marriage for an intentional misrepresentation of the existence of a foul disease the court held the fraud relied upon affected an essential of the marriage relation. See also Bolmer v. Edsall, 90 N.J. Eq. 299; Ysern v. Horter, 91 N.J. Eq. *598 189, 195 (intent not to consummate the marriage); Steerman v. Snow, 94 N.J. Eq. 9 (impotency); Turney v. Avery, 92 N.J. Eq. 473 (sterility); Davis v. Davis, 90 N.J. Eq. 158 (tuberculosis); Gruber v. Gruber, 98 N.J. Eq. 1 (epilepsy). In these cases the fraud held to affect the essentials of the marriage related to the bearing of children and the communication of disease. The instant case has none of these elements and would seem to fall into the category of the following in which the fraud was held insufficient. In Boehs v. Hanger, 69 N.J. Eq. 10, the court declined to avoid a consummated marriage because of concealment of a previous marriage no longer subsisting, and in Gibbs v. Gibbs, 92 N.J. Eq. 542, and Fodor v. Kunie, 92 N.J. Eq. 301, 305, for misrepresentation of age. In Carris v. Carris, supra, it was stated but not decided that false representation by the defendant in regard to family, fortune or external condition is not such fraud as will be sufficient to avoid a marriage and the same statement may be found in a case wherein the court dealt with an unconsummated marriage, Cox v. Cox, N.J. Ch., 110 A. 924; and in Woodward v. Heichelbech, 97 N.J. Eq. 253, the court declined to annul a marriage because of misrepresentation as to financial position on the ground that the fraud of the husband did not strike at any of the essentials of the marriage.
I conclude that the facts and circumstances of the instant case are not sufficient to void the marriage. The nonexistence of a child: the fact that no child was born, is not a circumstance or condition that can possibly affect the life of the couple during their marriage; their ability to produce children and carry on a healthful married life together. Hence, the fraud does not affect the essentials of the marriage relation.
Any doubt as to the propriety of granting the motion for the reason stated may be resolved on other grounds.
It is claimed for defendant that as soon as he ascertained that plaintiff had not borne such child he immediately separated from her and has not since that time ratified or confirmed *599 the marriage. Defendant before entering into the marriage had full knowledge of plaintiff's claim that she had borne him a child. He took no steps to ascertain the truth of her statements, but, relying only on her assurance on the subject, he entered into the contract of marriage. It would seem that on these facts he was guilty of a blind credulity from the consequences of which the law will not relieve him. The circumstances were sufficient to put a reasonable man on notice. Lindquist v. Lindquist, supra. In matrimonial causes actual knowledge is not necessary. It is enough that the plaintiff had probable and reasonable knowledge, especially when all the facts were fully within his reach. Marsh v. Marsh, 13 N.J. Eq. 281.
The subject is now advanced a year after the marriage during which the parties had lived together. Although delay in bringing a suit constitutes no bar, yet it is a circumstance always open to observation and may and in many cases ought to determine the court in granting relief, because if the interval be very long between the date of the offense and knowledge of the facts and the bringing of the suit, the court will be inclined to infer either an insincerity in the complaint, an acquiescence in the injury or a condonation of it. Cummins v. Cummins, 15 N.J. Eq. 138.
Further, in Carris v. Carris, supra, it was said, ante-nuptial incontinence, though fraudulent, is not sufficient to vitiate a marriage, nor is the birth of a child or fraud as to its paternity sufficient where the husband himself had been guilty of pre-marital incontinence with his wife. It has also been said, a man who has been guilty of one of the grossest acts of immorality cannot expect any court to undo the toils which envelope him because of such immorality, and no court would after listening to his confession be justified in dissolving his fetters. States v. States, 37 N.J. Eq. 195.
Judgment will be for the plaintiff, dismissing the counterclaim.