The plaintiffs' demurrers to the matters stated in the answer, by way of second and third defence, must be sustained, and those parts of the answer must be overruled, with costs.

---

## CLARKE a. CLARKE.

*Supreme Court, First District; Special Term, September, 1860.*

DIVORCE.—FRAUDULENT REPRESENTATIONS.

The husband had before marriage to his present wife, who now sought a divorce, represented to her that his former wife was deceased, whereas, in truth, she was living, he having been divorced from her.

*Held,*—That these representations, even if fraudulent, and though the plaintiff would not have married him if she had known the truth, were not ground for granting her a divorce.

Motion for decree of divorce.

The complaint alleged that the defendant, in commencing his addresses to the plaintiff, stated to her that his former wife was dead. After setting forth the engagement and marriage of the parties, it alleged as follows:

That during all the time of the visits of the defendant to the plaintiff, while paying his addresses to her, the defendant represented to the plaintiff that his said wife was dead, and had died at the time hereinbefore stated, which representations were fully believed by the plaintiff.

That the plaintiff had once refused to marry a divorced husband, and had great repugnance to marrying such a man, and never would have consented to marry such a man.

That her friends and acquaintances knew that she entertained such sentiments; and on information and belief, the plaintiff states that the defendant, at the time he made such representations to the plaintiff, well knew what her views were on that subject, and that she would not have consented to marry him, if she had known that his said wife was living, instead of having died, as he represented ; and that said defendant was told by a relative of his own, that he ought to inform the plaintiff that his said wife was living; to which he replied, that he would not so inform the plaintiff, for if he did, the plaintiff would not consent to marry him.

That after said marriage the plaintiff, for the first time, heard that the defendant's said representations were not true, and that his said wife was not dead; that she had informed the defendant what she had heard, and he admitted it was true that his said wife was then living in the city of New York, and stated that he was divorced from her; and on the next day he showed the plaintiff a paper which stated the fact, and the plaintiff has this eighth day of June, 1860, learned from a copy of the decree of the Supreme Court, for the city and county of New York, that said defendant was divorced from his said wife, Anna A. Clarke, on the fourteenth day of June, 1859, and the plaintiff states, on information and belief, that the said Anna A. Clarke has lived in a house of ill fame in the city of New York, from the time of her separation from the defendant.

That the said consent of the plaintiff to marry the defendant was obtained by him from her by fraud and deceit, in falsely representing that his said wife was dead at and before the time

of obtaining such consent in the manner hereinbefore stated, with the design on the part of said defendant of obtaining such consent from the plaintiff, and that the plaintiff never would have consented to marry or have married the defendant, had he not made such false representations, and had she not fully believed the same to be true.

That when the plaintiff learned the fact that the defendant was a divorced husband, instead of being a widower at the time of her marriage with the defendant, and consenting to marry him, as herein before stated, she informed the defendant that she never could live with him happily or peaceably, and they must separate.

And the plaintiff has since separated herself from the defendant, and she now resides with her friends.

Wherefore the plaintiff demands judgment that said marriage be annulled.

*Mr. Cozzens*, for the plaintiff.

*D. McAdam*, for the defendant.

SUTHERLAND, J.—Conceding that the representations of the defendant, as to the death of his first wife, were fraudulently made, and that the plaintiff would not have married him had she known or supposed that his first wife was living, yet it is clear to me that such fraud or deception does not furnish sufficient ground for dissolving the marriage contract between the plaintiff and defendant, and for declaring it to have been void from the beginning. It was not a fraud in or as to a material matter or thing, within the ordinary or legitimate purposes of marriage, and the supposed intention or purposes of parties in contracting marriage. The plaintiff had a fancy that she would never marry a man who had been divorced from his wife. She had a right to indulge this fancy, but it does not follow because she was deceived and induced unknowingly to marry a divorced man, that she should be indulged in such fancy afterwards to the extent of having her marriage judicially declared void. I find neither precedent nor principle for declaring a marriage void for fraud as to or in such a matter or thing. Motion for divorce denied.