### FISK v. FISK.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

MARRIAGE—ANNULMENT—FRAUD.

A marriage will not be annulled because of a representation by the woman that she had never been previously married, when in fact she had been married, but had been legally divorced. 34 N. Y. Supp. 33, affirmed.

Appeal from superior court of New York City, equity term.

Action by Stephen R. Fisk against Mary Frances Fisk to annul

a marriage. From a judgment dismissing the complaint (34 N. Y. Supp. 33), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. Oakey Hall, for appellant.
John C. Coleman, for respondent.

RUMSEY, J. The action was brought to annul a marriage which the plaintiff claims was procured by fraud practiced upon him by the defendant. The marriage took place in 1861. The plaintiff was younger than the defendant. The fraud of which he complains is that the defendant was a divorced woman at the time of the marriage, whereas he supposed that she had never been married. He does not complain that any false representations were made to him on the subject, or that the divorce was not valid. In fact, he concedes that the divorce was a valid one, and that she was not married at the time she became his wife. Plaintiff says that the fact of his wife's previous marriage and divorce was not discovered by him until the year 1867, and that at once he ceased to cohabit with her, and that he never has cohabited with her since that time. As a matter of fact, it appears that soon after that time he went to Europe, where he remained seven or eight years, and that upon his return to this country he continued to live separate from the defendant, and that they had not seen one another from the time the plaintiff went to Europe until the trial of this action. The action was brought in 1894. The court dismissed the complaint, and judgment was entered upon that decision. The learned judge at trial term held that, conceding the story of the plaintiff to be true, the fact that the defendant married him without disclosing to him her previous marriage and divorce was not such a fraud as would warrant an annulment of the marriage.

There has been in this state a considerable increase in the number of actions to annul marriages upon the ground that they were procured by the fraud of one of the parties, and the reported cases show a considerable departure from the strict rules which have heretofore been laid down on the subject. The right to bring such an action is now established by section 1743 of the Code of Civil Procedure, but the jurisdiction of the court to annul a marriage upon the ground of fraud is not acquired by the provisions of any statute. It arises from the inherent jurisdiction of a court of chancery to set aside any contract when one of the parties was induced to enter into it by fraud upon him. Ferlat v. Gojon, Hopk. Ch. 478. But, while the jurisdiction to annul a marriage is based upon the ordinary equity jurisdiction of the court, the fraud which will induce the court to set aside a contract of marriage is something different from the fraud which will induce the court to set aside an ordinary contract which has been executed, or even a contract which is still executory. The contract of marriage is something more than a mere civil agreement between the parties, the existence of which affects only themselves. It is the basis of the fam-

ily, and its dissolution, as well as its formation, is matter of public policy, in which the body of the community is deeply interested, and it is to be governed by other considerations than those which obtain with regard to any ordinary civil contract inter partes. For that reason the courts have been strict in laying down and in maintaining rules as to the annulment of this contract, and in requiring a somewhat higher degree of proof before permitting it to be set aside for fraud, and in insisting also that the fraud which shall invalidate the contract must be something more than a mere misrepresentation as to collateral matters. Without examining fully into all the cases upon this subject, it may be sufficient to say that the rule is well settled that no fraud will avoid a marriage which does not go to the very essence of the contract, and which is not in its nature such a thing as either would prevent the party from entering into the marriage relation, or, having entered into it, would preclude performance of the duties which the law and custom imposes upon him or her as a party to that contract. 1 Bish. Mar. & Div. §§ 183, 184; Schouler, Husb. & W. § 27; Reynolds v. Reynolds, 3 Allen, 602. Within that rule, it has been held that fraudulent representations of one party as to birth, social position, fortune, good health, and temperament, do not vitiate the contract. 1 Schouler, Husb. & W. § 27. And so, also, it seems to be a well-established rule that no misconception of one party as to the character or fortune or temper of the other, however brought about, will support an allegation of fraud on which a dissolution of the marriage contract, when once executed, can be obtained in a court of justice. 1 Bish. Mar. & Div. supra; Weir v. Still, 31 Iowa, 107. If, when the relation is entered into, the party is competent to make that contract, is mentally competent to do the duties which the contract involves, and physically able to meet its obligations, nothing more can be required; and, however the other party may be disappointed as to physical or mental characteristics which he or she expected would exist, such disappointment is no ground for setting aside the contract, which the public good requires should be rendered indissoluble except for the gravest reasons. In the application of this rule the courts have properly proceeded to an extent which seems sometimes to work a hardship. Undoubtedly, it is gravely important to every respectable man that the woman whom he takes to wife should be virtuous; and yet it is thoroughly well settled that the mere fact that the woman, previous to her marriage, has, without the knowledge of her husband, been guilty of incontinence, and if she has reformed, affords no ground for setting aside the marriage contract. Reynolds v. Reynolds, 3 Allen, 602; Leavitt v. Leavitt, 13 Mich. 452; 1 Bish. Mar. & Div. supra. If that be true,—and it is undoubtedly the well-established law,—much more may it be said that where the only objection is that the party complained of has once been married, but is now free to enter into a new relation, it can afford no possible barrier to her entering into such relations; and, if her previous condition is not disclosed, that is no such fraud as would warrant the court in setting aside the marriage contract. The

case of Blank v. Blank, 107 N. Y. 91, 13 N. E. 615, has no application here. It appears that the defendant in that case, who was the wife, represented herself to be a widow, whereas she was divorced and her former husband was living, and the decree of divorce was not a valid one, so that in fact she was not competent to enter into the marriage contract. We are aware that there are some cases in this state which have gone beyond the rules laid down above, and sought to annul a marriage for less cogent reasons. The case of King v. Brewer, 8 Misc. Rep. 587, 29 N. Y. Supp. 1114, may be cited as an illustration. In that case it was held by the special term of the superior court that where the defendant enjoyed a good reputation at the time of his marriage, and plaintiff learned nothing against his character, but that in fact he was engaged in a disreputable occupation, that was such a fraud practiced upon the plaintiff as would entitle her to avoid the contract. There is no other case reported which would warrant such an extension of the rule, and we are not willing that it should be so extended, or to approve the doctrine laid down in that case. We are inclined rather to adhere to the stricter rule of the cases cited above, and to hold that the marriage is not to be dissolved unless the conditions exist which are stated in the former part of this opinion. It was held in Clarke v. Clarke, 11 Abb. Prac. 228, that the fact that one of the parties had been divorced, and that that fact had not been disclosed to the other party, was not a ground for annulling the marriage on the ground of fraud. The rule laid down in that case is one which we approve. It is the one applied in this action, and which we think should be applied in actions of this nature.

The judgment must be affirmed, with costs. All concur.