(63 Misc. Rep. 111.)

### DONOHUE v. DONOHUE.

(Supreme Court, Special Term, Erie County.   April, 1909.)

MARRIAGE (§ 3*)—WHAT LAW GOVERNS—ANNULMENT.

A marriage was consummated in Canada between residents of New York under the age of 18 years, under a license procured in Canada on the affidavit of the man that they were over 18 years of age, and after the marriage the parties lived together as husband and wife. *Held*, that the marriage is not voidable; the law of Canada allowing a marriage between persons under the age of 18, where the consent of the father or mother or guardian has been obtained, and making a marriage valid after the parties have lived together as husband and wife if it was invalid at the time of its consummation, as the right to annul the marriage must be tested by the law of Canada, and, the parties to the contract being competent under the law of Canada and it being consummated through the fraud of the parties, the court will not aid them to avoid the consequences of their own fraud.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 23; Dec. Dig. § 3.*]

Action by Frank J. Donohue, an infant, by Mary Donohue, his guardian ad litem, against Ada Donohue, to annul the marriage of the plaintiff and the defendant, on the ground that the plaintiff was under 18 years of age when the marriage was consummated. Complaint dismissed.

Hamilton Ward, for plaintiff.
Frank E. Wade, for defendant.

WHITE, J.   The plaintiff and defendant were married at Ridgeway, province of Ontario, Canada, on the 18th day of August, 1908. They then were, ever since have been, and now are residents of the city of Buffalo, in the state of New York. Neither the plaintiff nor defendant was 18 years of age at the time of the marriage, nor has either

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of them yet attained that age. After their marriage the parties lived and cohabited as husband and wife, and the defendant is about 6 months advanced in pregnancy as a result of such cohabitation. By the law of the province of Ontario, Canada, it was necessary for the parties to procure a marriage license, and they did procure one, based upon the affidavit made by the plaintiff that he was 21 years old and that the defendant was 19 years old at the time the license was procured, which was just prior to the marriage. The law of the province of Ontario also provided that the marriage of persons under the age of 18 years must be preceded by the consent of father, mother, or guardian, except where such person was a widow or widower. Neither of the parties to the action was a widow or widower, nor had either of them secured such consent.

We must assume that the Canadian officials acted in good faith in issuing the license, and therefore that the condition from which the plaintiff now seeks to be relieved was created solely by his own fraud, perpetrated upon the Canadian government, in which he was aided and abetted by the defendant. The parties were competent to contract a lawful marriage in the province of Ontario, Canada, and the marriage was lawful there, and therefore is valid in this state. Having lived and cohabited together as man and wife after the ceremony, the marriage for that reason became indissoluble in the province of Ontario, Canada, even if they were residents of that country and subject to its laws. By the terms of the statute law of this state a marriage between persons under 18 years of age without the consent of parent or guardian is voidable at the option of either party, unless the marriage is ratified by cohabitation after arriving at that age. All agree that the marriage in question, both in Canada and in this state, rests solely upon a civil contract, and that the parties were competent to make it. It was made and consummated in Canada, and therefore must be treated as a Canadian contract in this case. The question of its voidability at the option of the parties, or at all, was determined by the law of the province of Ontario, Canada, and, as has already been said, it would not have been voidable there, even if the parties were residents of that country. The operation and effect of our statute upon the subject of annulling marriages is confined to the state of New York, and in the nature of the case can have no effect upon the status of the parties at the time of their marriage in Canada. If the marriage had taken place in this state, the contract would have been voidable. In the province of Ontario, Canada, it was not voidable, and the parties, as between themselves, must be held to have so understood it at the time.

To hold, as contended by the plaintiff, that residents of the state of New York sojourning in another state or country, where marriage by them is permitted without restriction or conditions of any character, may marry there and forthwith return to this state and procure the marriage to be annulled under our statute prescribing the age of legal consent is abhorrent, not only to a proper sense of justice, but also to the well-settled rule that a marriage valid where it is entered into is valid here. Furthermore, the parties to this action being competent to make the contract from the force and effect of which the plaintiff now

seeks to be relieved, plaintiff should be treated precisely as though he were an adult, in so far as his prayer for relief is concerned. The situation from which he desires to escape was created by his own fraud, in which, as has already been said, he was aided and abetted by the defendant. Under such circumstances the court will not aid the parties to avoid the consequences of their own moral turpitude, but leave them as it finds them.

The case of Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132, relied upon by the plaintiff, does not seem to me to be in point; nor has my attention been called to any other decision of the courts of this state that is. The Kinnier Case holds simply, first, that a judgment or decree of divorce of another state, in the absence of fraud in its recovery pleaded and proved, binds the parties in this state; and, second, that after marriage the parties are relegated to the lex loci when they seek remedies for violations of their marital rights.

I am of the opinion that the complaint herein should be dismissed, with costs.