(137 App. Div. 289.)

## KRUGER v. KRUGER.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

MARRIAGE (§ 58*)—ANNULMENT—GROUNDS—MARRIAGE UNDER AGE.

Code Civ. Proc. § 1742, allows an action by a woman to annul a marriage, where she was under 16 at the time thereof, and it was without the consent of a parent or guardian, and was not followed by consummation or cohabitation, and was not ratified by actual assent of the parties. Section 1743 allows an action to annul a marriage because one or both of the parties were not of the age of legal consent. Domestic Relations Law (Consol. Laws, c. 14) § 7, declares a marriage void from the time its nullity is declared by a court of competent jurisdiction, if either party thereto is under the age of legal consent, which is 18 years, and that an action to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure. Section 15 declares that, where the man is under 21 years of age and the woman under 18, the town or city clerk shall require the written consent of the parents before issuing a marriage license. Held, in view of the history of legislation showing that the purpose of section 1742 was to enable the wife to sue for annulment at a time when the age of consent for females was 12 and for males 14 years, that that section, when the age was increased for both parties to 18 years, became obsolete, and the wife was not restricted to her remedy under that section, but might sue under section 1743, where she was under 18 when married, although her parents consented thereto.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Action by Anna J. Kruger, by her guardian ad litem, James M. Odell, against Henry Kruger, otherwise known as Henry Krugman. From a judgment (64 Misc. Rep. 382, 119 N. Y. Supp. 189) dismissing plaintiff's complaint, she appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Charles I. Engel, for appellant.

MILLER, J. The court found that the plaintiff was 17 years, 5 months, and 22 days old at the time of the marriage, which was contracted upon the written consent of the parents, and that she was 17 years, 9 months, and 8 days old at the time of her separation from the defendant. The right of a wife to maintain an action for an annulment of the marriage, pursuant to section 1743 of the Code of Civil Procedure, is no longer an open question in this court. Conte v. Conte,

82 App. Div. 335, 81 N. Y. Supp. 923; Earl v. Earl, 96 App. Div. 639, 89 N. Y. Supp. 1103; Wander v. Wander, 111 App. Div. 189, 97 N. Y. Supp. 586. In the first case cited, Mr. Justice Laughlin traced the history of the legislation on the subject, and showed how section 1742 of the Code of Civil Procedure had become obsolete by reason of the change by statute of the age of legal consent.

The Legislature, doubtless because its attention has not been called to it, has left section 1742 on the statute books, with the result that one who undertakes to interpret sections 1742 and 1743 without tracing their history is apt to be misled. Said section 1743, subd. 1, provides:

"An action may be also maintained to procure a judgment, declaring a marriage contract void, and annulling the marriage, for either of the following causes, existing at the time of the marriage: (1) That one or both of the parties had not attained the age of legal consent."

Section 7 of the domestic relations law (chapter 14 of the Consolidated Laws) provides:

"A marriage is void from the time its nullity is declared by a court of competent jurisdiction, if either party thereto (1) is under the age of legal consent, which is 18 years. * * * An action to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure."

Thus there are two statutes, one enacted with reference to the other, which in the most unmistakable language provide that an action may be maintained to procure a judgment declaring a marriage contract void and annuling the marriage where one or both of the parties had not attained the age of legal consent, which is 18 years. The learned trial justice thought that these sections of the statute, explicitly dealing with the subject of actions for the annulment of a marriage, were modified by section 15 of the domestic relations law, which provides in part that, where the man is under 21 years of age and the woman under 18, the town or city clerk, as the case may be, shall require the written consent of the parents before issuing a marriage license. That enactment was doubtless made with reference to section 70 of the penal law (chapter 40 of the Consolidated Laws), which makes it a crime to take a female under the age of 18 years for the purpose of marriage, without the consent of her father, mother, guardian, or other person having legal charge of her person.

It must be owned that the statute is incongruous. By one section, a marriage is absolutely void from the time its nullity is declared by a court of competent jurisdiction, if either party thereto is under the age of 18 years. By another section, town and city clerks are apparently permitted to issue marriage licenses to such persons if their parents consent. While that incongruity ought to be corrected by the Legislature, we can only deal with the statute as we find it. It is to be noted, however, that said section 15 also contains the following provision:

"If it appears from the facts and affidavits so taken that the person for whose marriage the license in question is demanded are legally competent to marry, the said clerk shall issue such license, except in the following cases."

The judgment should be reversed, and a judgment directed for the plaintiff upon the findings of the trial court. All concur.