(70 Misc. Rep. 129.)

### CUNNINGHAM v. CUNNINGHAM.

(Supreme Court, Special Term, New York County. December, 1910.)

1. MARRIAGE (§ 19*)—ANNULMENT—GROUNDS.

Immediately after a marriage in New Jersey by residents of New York, without the parents' consent, they returned to New York, where plaintiff who was under the legal age of consent, resumed her residence with her parents. Held, that under the statutes of New Jersey the marriage was not invalid, and an action to annul it will not lie in New York.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 10, 11; Dec. Dig. § 19.*]

2. MARRIAGE (§ 3*)—ANNULMENT—FOREIGN MARRIAGE.

The courts of New York will not annul a marriage contracted in New Jersey, but not subject to annulment in such state, because, had it taken place in New York, an action for annulment would lie.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 3, 23; Dec. Dig. § 3.*]

Action by Anna Cunningham against William Cunningham to annul a marriage. Complaint dismissed.

A. P. Wagener, for plaintiff.

GREENBAUM, J. This is an undefended action to annul a marriage upon the ground that the plaintiff, at the time of the marriage, was under the age of legal consent. The plaintiff was married to the defendant on the 30th day of January, 1910, at Westwood, N. J. She was domiciled at the time in the borough of Manhattan, city of New York, where she resided with her parents. Immediately after the marriage the plaintiff and defendant returned to the city of New York, where she resumed her residence with her parents. The marriage was never consummated. The plaintiff seeks to have the marriage annulled upon the ground that such marriage is voidable under the statutes of the state of New Jersey, and also upon the further ground that, the parties to such marriage being citizens of and domiciled in the state of New York, the courts of this state will annul such a marriage if an action for that purpose would lie under the laws of the state of New York.

The statutes of the state of New Jersey (2 Gen. Stat. 1895, p. 2005, § 1), offered in evidence, provide in substance that no justice of the peace, minister of the gospel, or any other person having authority to join persons in marriage, shall marry any male under the age of 21 years or any female under the age of 18 years, unless the parents of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such minor shall be present and give consent thereto, or unless such minor shall produce a certificate of consent under the hand of such parents, and shall prove such certificate by the oath or affirmation of at least one person of full age and discretion, who was present at the signing of such certificate. It is further provided that, if a justice of the peace or other person authorized to solemnize any marriage shall suspect that any male or female applying to be married is under the age of 21 years or 18 years, respectively, and no consent is produced, "he shall administer to such male or female or both, as the case may require, an oath or affirmation that such male is of the full age of 21 years and that such female is of the full age of 18 years, which oath or affirmation shall be entered upon the back of the certificate of marriage required by law to be made by the person solemnizing such marriage and shall be his justification should the parties so married or either of them deceive him as to his or her age."

In the case at bar no consent of the parents, either in person or by certificate, was obtained in compliance with this statutory provision. It will be noticed that this statute does not declare that noncompliance therewith shall invalidate the marriage. On the contrary, the language of the statute assumes the validity of the marriage, and the only effect of a failure to comply with its terms is to subject those who may perform marriages in violation of its provisions to the penalties consequent thereupon. The restrictions and safeguards provided for in the statute are obviously mere regulations intended as far as possible to prevent hasty and ill-considered marriages between persons of immature years. Such seems to be the construction placed upon it by the courts of New Jersey. Pearson v. Howey, 11 N. J. Law, 12, 20. In Wyckoff v. Boggs, 7 N. J. Law, 138, 139, in referring to the statute in question, it is said:

"Its provisions are that no justice of the peace or minister of the gospel shall marry a male person under the age of 21 years, unless the parent be *present* and consent to the marriage, or give a *certificate in writing*, under his hand; and any justice or minister marrying a minor, without consent 'obtained according to the directions of this act,' shall forfeit $300, etc. It may be inferred, from the strictness of these provisions and magnitude of the penalty for transgressing them, that the Legislature deemed them to be of very high importance in regulating those marriage contracts, whose high solemnities are never afterward revocable by the parties. No person will doubt the regard of the Legislature for public welfare in making these provisions who considers the misery created by marriages before reason or judgment are mature and the deep distress they often entail on parents, parties, and families."

In 26 Cyc. 835, it is said:

"Unless the statute expressly declares a marriage contracted without the necessary consent to be a nullity, it is to be construed as entirely directory in this respect; so that the marriage will be valid, although the disobedience to the statute may entail penalties on the licensing or officiating authorities."

I am, therefore, of the opinion that no action may be maintained to annul this marriage in so far as its validity may depend upon the laws of the state of New Jersey.

The further contention of the plaintiff, relying upon Mitchell v. Mitchell, 63 Misc. Rep. 580, 117 N. Y. Supp. 671, that this court will

assume to annul a marriage entered into in another state or jurisdiction between citizens of this state, although lawful where made, is met by the contrary decision of Donohue v. Donohue, 63 Misc. Rep. 111, 116 N. Y. Supp. 241, which to my mind expresses the true rule. The complaint is, therefore, dismissed upon the merits.

Complaint dismissed.