(80 Misc. Rep. 337.)

### MUNDELL v. COSTER.

(Supreme Court, Special Term, New York County.  April, 1913.)

MARRIAGE (§ 58*)—ANNULMENT—INFANCY.

An infant who marries under age of 18 years with the written consent of her mother, but leaves her husband before she arrives at that age, is entitled to sue to annul the marriage, under Code Civ. Proc. § 1743, subd. 1.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

Action by Mona Mundell, by Roslyn Mundell, her guardian ad litem, against Norman B. Coster.  Decree for plaintiff.

G. Charles Horwood, of New York City, for plaintiff.
Francis Colety, of New York City, for defendant.

COHALAN, J.  The infant plaintiff, by her guardian ad litem, brings this action to annul her marriage to the defendant, on the ground that at the time of the consummation thereof she was, and still is, under the age of legal consent.  The license for the marriage was granted upon the written consent of the mother of the infant. There is no official record of the birth of the plaintiff in Montgomery county, Pa., where she was born.  However, the father of the infant fixed the date of the birth of his first and only child as the 4th day of October, 1895.  His testimony is supported by one of the attending physicians, who was present at the time of the birth; his record book also places the birth as having occurred on the 4th day of October, 1895.  It is reasonable to assume from these unchallenged circumstances that the plaintiff at the time of the marriage, which occurred on the 4th day of October, 1912, was exactly 17 years of age.  She left her husband one month after the marriage, and has not since cohabited with him.

A woman under the age of 18 years, and who has separated from her husband before arriving at the age of 18 years, may maintain an action to annul her marriage under subdivision 1 of section 1743 of the Code of Civil Procedure, although her parents consented to the marriage.  Kruger v. Kruger, 137 App. Div. 289, 122 N. Y. Supp. 23; Wander v. Wander, 111 App. Div. 189, 97 N. Y. Supp. 586.  The former case is decisive of the case at bar.  An appeal in that case was taken by the infant plaintiff, through her guardian ad litem, from a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment dismissing the complaint. The court found that the plaintiff was 17 years 5 months and 22 days old at the time of the marriage, which was contracted upon the written consent of the parents, and that she was 17 years nine months and 8 days old at the time of her separation from the defendant. The court, in reversing the judgment at Special Term (64 Misc. Rep. 382, 119 N. Y. Supp. 189), said:

"The right of a wife to maintain an action for an annulment of the marriage, pursuant to section 1743 of the Code of Civil Procedure, is no longer an open question in this court."

Kruger v. Kruger, supra, is likewise in point on the question of the birth record of the plaintiff, although the evidence adduced in the case at bar is even stronger in that respect. In that case the infant was born in the city of New York, yet no record, either public or private, was produced showing the date of her birth; neither was any explanation given why the public record or the certified copy thereof was not forthcoming. The plaintiff rested her case solely on the uncorroborated testimony of interested witnesses. Yet an annulment was decreed by the appellate court.

In this case there is record evidence in the books of one of the physicians in charge at the time of the birth, together with his disinterested testimony. The evidence in this particular is conclusive upon the court, and under section 1743, subdivision 1, of the Code of Civil Procedure, the plaintiff is entitled to a decree of annulment. In effect, the present law of the state of New York permits an infant, who marries under the age of 18 years with the consent of her parents, and who subsequently leaves her husband before she arrives at that age, to come into court and, as a matter of course, obtain a decree of annulment. This is to all intents and purposes providing in such cases for trial marriages, but it is a condition the remedy for which lies with the Legislature and not with the courts.

Judgment accordingly.