(96 Misc. Rep. 597)

PADULA v. PADULA.

(Supreme Court, Special Term, Kings County.   September 23, 1916.)

MARRIAGE ☞58(1)—ANNULMENT—NONAGE.

Code Civ. Proc. § 1743, provides for annulment of marriage if a party thereto had not attained age of legal consent, which Domestic Relations Law (Consol. Laws, c. 14) § 7, fixes at 18.   Section 15 requires consent of parents before issuance of license to a man under 21.   3 Comp. St. N. J. 1910, p. 3219, § 7, provides that a man over 18 years of age may defend actions to annul his marriage, and another statute provides that a man married under 18 years of age may sue to annul the marriage.   A resident of New York was married in New Jersey at the age of 18 years 6 months.   *Held*, that as no New Jersey statute fixed age of consent and the common-law age of consent was 14 years, and as the New York age of consent was 18 years, the marriage would not be annulled.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115, 118; Dec. Dig. ☞58(1).]

Action by Ralph Padula, by his guardian ad litem, Katherine Padula, against Bessie Padula.   Complaint dismissed upon the merits.

Isidore I. Haber, of New York City, for plaintiff.

CROPSEY, J.   This is an undefended action for an annulment of marriage, based on the claim of plaintiff's nonage.   The parties were married in New Jersey on May 27, 1916.   At that time the plaintiff was 18 years and 4 months old, and his parents did not consent.   He testifies that he never lived with his wife.

Upon the trial, plaintiff's counsel was advised to ascertain the law of New Jersey as to the age of consent.   Later he offered in evidence a statute of that state (Compiled Statutes of New Jersey, vol. 3, p. 3219, § 7), providing that no license to marry should be obtained by a man under 21 years of age, without his parents' consent.   This statute did not provide that marriages made in violation of this provision should be void.   Whether the courts of this state would declare such a marriage void, it not having been followed by cohabitation (Cunningham v. Cunningham, 206 N. Y. 341, 99 N. E. 845, 43 L. R. A. [N. S.] 355), need not be here considered, for it does not arise in this case, though the general rule seems to be that such marriages are not void.   See cases collated in note, 22 L. R. A. (N. S.) 1202–1207, and in note, L. R. A. 1916C, 740, 741.

Section 1743 of the Civil Code, as it was when this action was begun, provided that a marriage could be annulled if "one or both parties had not attained the age of legal consent."   Since the commencement of this action, this section has been amended (Laws 1916, c. 605, in effect September 1, 1916) by adding after the words quoted the clause:

"Or the age under which the consent of parents or guardians was required by the laws of the state where the marriage was contracted."

The meaning and effect of this amendment need not here be considered, for it does not affect this action;   and the sole question

therefore is: Was the plaintiff under the age of "legal consent" when he married?

The court has not been referred to any law of New Jersey expressly fixing the age of legal consent, nor has it found any. The provision of the statute already mentioned, referring to marriage licenses, does not fix that age. That statute is similar to the statute in this state relating to marriage licenses. Both require the consent of the parents before a license can be issued for a man under 21 years, and yet the age of legal consent is fixed by our law at 18 years for both the man and the woman. Section 7, Domestic Relations Law.

There is a provision in the New Jersey statutes that a man who married when he was under 18 years of age could maintain an action to annul the marriage, and a recent statute in that state (Laws 1915, c. 299) gives a man over 18 the right to appear and defend actions to annul his marriage, either personally or by solicitor. But even if these provisions, or either of them, be deemed to fix the age of legal consent for men at 18 years, they do not aid the plaintiff, for he was *more than* 18 when he married. And if they be deemed not to fix such age, and there be no provision that does, then the common-law rule would apply, and the plaintiff would be in no better position, for under it the age of legal consent for men is 14 years. Bennett v. Smith, 21 Barb. 439; Moot v. Moot, 37 Hun, 288, 291; Parton v. Hervey, 1 Gray (Mass.) 119.

So there appears to be no provision of the New Jersey statutes or law which aids the plaintiff. But, even though the marriage be valid under the New Jersey laws, it might be declared invalid under the laws of this state (Cunningham v. Cunningham, 206 N. Y. 341, 99 N. E. 845, 43 L. R. A. [N. S.] 355), and so it must be considered from that viewpoint. Here, again, the plaintiff fails to make out a cause of action. The age of legal consent in this state for men and women alike is 18, as has been pointed out already. Domestic Relations Law, § 7. Plaintiff was over that age when he married, and, as the sole ground of asking an annulment is his nonage, he must fail.

The fact that section 15 of the Domestic Relations Law requires the consent of parents before a license can issue, if the man is under 21, does not fix the age of consent or affect the question of annulment. Kruger v. Kruger, 137 App. Div. 289, 122 N. Y. Supp. 23.

Complaint dismissed upon the merits.