(97 Misc. Rep. 153)

GREENBERG v. GREENBERG et al.

(Supreme Court, Special Term, Kings County.    October 18, 1916.)

1. MARRIAGE ⬥25(4)—LICENSES—STATUTE.
    Domestic Relations Law (Consol. Laws, c. 14) § 15, as amended by
    Laws 1912, c. 241, enumerating the duties of town and city clerks in re-
    lation to issuing marriage licenses, pertains solely to the administration
    of the office where the license to marry is issued, and, if an infant apply-
    ing for license attests falsely that he is over the age| of 21, the clerk
    has no right to refuse to issue the license, as prescribed.
        [Ed. Note.—For other cases, see Marriage, Cent. Dig. § 31; Dec. Dig.
    ⬥25(4).]

2. MARRIAGE ⬥5—ANNULMENT—AGE—STATUTES.
    Domestic Relations Law, § 7, declares a marriage voidable if either
    party is under 18.    A son 19 years old married without the consent of his

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

father. Code Civ. Proc. § 1743, subd. 1, as amended by Laws 1916, c. 605, provides for an action to annul a marriage on the ground that one or both of the parties have not attained the age of legal consent or the age under which the consent of the parents or guardians was required by the laws of the state where the marriage was contracted. *Held*, that the amendment to section 1743 does not change the provision of the Domestic Relations Law regarding the age of consent in New York, but applies to foreign states where the age of consent is not provided for, requiring the consent of parents or guardians, and the son's marriage was valid.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 23, 24; Dec. Dig. ☞5.]

Action to annul a marriage by Joseph J. Greenberg against Louis Greenberg and Dora Axelrad Greenberg. Complaint dismissed.

Feinberg & Gerson, of New York City, for plaintiff.

MANNING, J. This is an action to annul a marriage brought by the father of one Louis Greenberg, who on April 22, 1916, intermarried with one Dora Axelrad; the marriage ceremony being performed by an alderman of the city of New York. Prior to the marriage, when the young people made application to the city clerk for a license which was granted, the age of the plaintiff's son, Louis Greenberg, was given as 22 years, and that of his intended wife as 18 years. As a matter of fact, Louis Greenberg was not 22 years of age at the time the license was issued, his real age being 19 years. There is no proof that the parties ever cohabited as husband and wife.

The father's application is based upon the ground that the young man was under the age of 21 years when the license was issued, and that he (the father) did not give his consent thereto. He maintains that such consent was necessary before a valid marriage could be contracted, and cites as an authority for his contention section 15 of the Domestic Relations Law, and subdivision 1 of section 1743 of the Code of Civil Procedure.

[1] As I read the law in reference to actions to annul a marriage, the plaintiff must fail in this application. Section 15 of the Domestic Relations Law, as amended by the Laws of 1912, c. 241, enumerates the duties of the town and city clerks in regard to issuing marriage licenses, and, among other things, provides:

"If it shall appear upon an application of the applicants as provided in this section that the man is under twenty-one years of age, or that the woman is under the age of eighteen years, then the town or city clerk before he shall issue a license shall require the written consent to the marriage from both parents of the minor or minors.  *  *  * "

This section pertains solely to the administration of the office where the license to marry is issued. The law specifically states that, if it shall appear upon the application of the applicants that they are under the specified age, the parents' consent is necessary, and consequently if the infant, as is the fact in this case, attests falsely that he is over the age of 21 years, the clerk has no right to refuse to issue the license as prescribed by the section quoted. The case of Kruger v. Kruger, 137 App. Div. 289, 122 N. Y. Supp. 23, is an authority for this construction, holding that section 15 of the Domestic

Relations Law does not modify or change section 1743 of the Code of Civil Procedure, nor section 7 of the Domestic Relations Law.

[2] Domestic Relations Law, § 7, provides:

"Voidable Marriages. A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto: (1) Is under the age of legal consent, which is eighteen years."

Section 1743 of the Code of Civil Procedure provides that an action may be maintained to declare a marriage contract void and annulled for certain enumerated reasons, and subdivision 1, as amended by the Laws of 1916, c. 605, in effect September 1, 1916, reads:

"That one or both of the parties have not attained the age of legal consent or the age under which the consent of parents or guardians was required by the laws of the state where the marriage was contracted."

The court is not unmindful of the amendment to section 1743 of the Code, and in my opinion it does not change the provision of the Domestic Relations Law regarding the age of consent in the state of New York; but the amendment applies to foreign states where the age of consent is not provided for, but requires the consent of parents or guardians.

It appears therefore that the plaintiff's son, being of the age of 19 years and over the age of legal consent, which is fixed by the statute as 18 years, contracted a valid marriage without the consent of his father, and that consequently this court is without power to relieve him from his obligations.

The complaint is dismissed.