FREDERICK M. ALLERTON, the Father of ROGER M. ALLERTON, Plaintiff, *v.* ROGER M. ALLERTON and MABEL DEAN ALLERTON, formerly MABEL DEAN BURRILL, Defendants.

(Supreme Court, Monroe Special Term, October, 1918.)

Marriage — when upheld — infants — age of legal consent.

> Sections 1743 and 1744 of the Code of Civil Procedure, so far as they provide for the annulment of a marriage where one of the parties has not reached the age under which the consent of parents or guardians is necessary, do not apply to a marriage in this state.
>
> Where a boy under eighteen years of age marries a girl under the same age and cohabits with her after he is eighteen years old, the marriage will not be annulled upon the complaint of the boy's father where the boy objects. In such case the marriage, as a matter of public policy, will be upheld if necessary as a common-law marriage.

MOTION to confirm report of referee in action to annul marriage.

Clyde W. Knapp, for motion.

Trnest F. Fox, opposed.

RODENBECK, J. The defendants were married after having obtained a certificate from the city clerk upon representations that they were of the age of legal consent when in fact the defendant Mabel Dean Allerton was of the age of legal consent but the defendant Robert M. Allerton was not of that age. The age of legal consent is eighteen years but the age under which the consent of parents and guardians is required is eighteen years for a woman and twenty-one for a man. Dom. Rel. Law, § 15. As the statute stood prior to

1916 parties who contracted a marriage when they were under eighteen years of age, or their parents, guardians or next of kin might maintain an action to annul the marriage unless there was cohabitation after having attained the age of consent. The statute however was amended that year so as to provide that a marriage might be annulled on the ground that one or both of the parties had not attained the age of legal consent '' or the age under which the consent of parents or guardians was required by the laws of the state where the marriage was contracted '' and that an action to annul a marriage might be brought by the infant or by either parent of the infant or by the guardian of the infant's person or, if allowed by the court, by any person as the next friend of the infant, if he had not attained the age of legal consent '' or the age under which the consent of parents or guardians was required by the laws of the state where the marriage was contracted.'' Code Civ. Pro. §§ 1743, 1744. This action having been brought by the father and not by the infant, the last clause of section 1744 does not apply. The language quoted, which was inserted in these two sections by the amendment of 1916, was intended to apply to marriages contracted outside the state. It is not to be assumed that the legislature intended to prescribe two age limits at which a marriage might be contracted and, if contracted within those limits, might be annulled. If the language quoted is construed to apply to this state, the absurd result follows that the legislature provided that a marriage might be annulled if the man had not attained either the age of eighteen years or that of twenty-one years. The legislature surely intended no such absurdity. The language was inserted to meet the case of infants under eighteen years of age residing in this state who, for the purpose of avoid-

ing the statute, went into another state, married and then returned to this state. Such a marriage would be valid in this state if valid in the state where it was contracted (*Reid* v. *Reid,* 72 Misc. Rep. 214) but under the amendment of 1916, if they married in another state under the age under which the consent of parents or guardians was necessary, it could be annulled in this state. The conclusion seems reasonable that the legislature did not intend to require the consent of the parents to constitute a valid marriage in this state provided the contracting parties were of the age of legal consent. The violation of the provisions of law relating to the issuance of licenses is not made a ground for annulling a marriage. *Greenberg* v. *Greenberg,* 97 Misc. Rep. 153; *Kruger* v. *Kruger,* 137 App. Div. 289. In this case the defendant Roger M. Allerton was not eighteen years of age at the time of the marriage but, subsequently to attaining the age of eighteen years, he freely cohabited with the defendant Mabel Dean Allerton as husband and wife, and this cohabitation ratified the contract and constituted the ceremonial marriage valid and binding as a common-law marriage.

Every presumption favors the validity of a marriage. *Matter of Biersack,* 96 Misc. Rep. 161; *Fagin* v. *Fagin,* 88 id. 304; *Fisk* v. *Fisk,* 6 App. Div. 432, 434; *Price* v. *Tompkins,* 171 N. Y. Supp. 844. In an action brought by a parent the law will sustain the marriage if it can where the parties themselves ask the court to do so. The right to annul a marriage given to others than the contracting parties is based upon the theory of marriage as an institution in which the public have an interest. Such an action however should not prevail where the parties are opposed to it and public interest requires as in this case that it should be sustained. *Greenberg* v. *Greenberg, supra; Chernoff*

v. *Chernoff*, decided by the Appellate Division July 2, 1918.

The motion to confirm the report of the referee is denied, with ten dollars costs of motion.

Motion denied, with costs.