ALBERT J. MARONE, by ANGELINA MARONE, His Guardian ad Litem, Plaintiff, *v.* CATHERINE MARONE, Defendant.

(Supreme Court, New York Special Term, December, 1918.)

Marriage — action for annulment cannot be maintained where both husband and wife object — Code of Civil Procedure, §§ 1744, 1745.

Where at the time of their marriage the parties represented to the clergyman that they were of the age of legal consent, though the husband was not eighteen years of age and the wife was over twenty years of age, an action brought by the mother of the husband under sections 1744 and 1745 of the Code of Civil Procedure to annul the marriage cannot be maintained where both the husband and wife object.

ACTION to annul a marriage.

Louis Spiegel, for plaintiff.

Charles O'Sullivan, special guardian.

COHALAN, J.   The parties were married in the state of New Jersey by a clergyman of the Catholic faith, upon representations that they were of the age of legal consent.   At that time the plaintiff husband had not reached the required age, but the defendant wife had passed the age of twenty years.   The mother of the plaintiff now sues to annul the marriage under sections 1744 and 1745 of the Code of Civil Procedure.   Under ordinary circumstances and as a matter of public policy, her prayer for relief would be granted.   *Cunningham* v. *Cunningham,* 206 N. Y. 341.   But in this case both the plaintiff and the defendant object to the annulment of the marriage.   Each has testified that not

only since the action was commenced, but up to the time of the trial thereof, they have continuously cohabited as husband and wife. The validity of a marriage is favored by every fair presumption. *Matter of Biersack,* 96 Misc. Rep. 161; *Fagin* v. *Fagin,* 88 id. 304; *Fisk* v. *Fisk,* 6 App. Div. 432. In an action brought by a parent the law will sustain the marriage if possible where the parties themselves petition the court to that effect. The right to annul a marriage given to others than the contracting parties is based upon the theory of marriage as an institution in which the public have an interest. *Allerton* v. *Allerton,* 104 Misc. Rep. 627. Such an action, however, should not prevail where the parties are opposed to it, and public interest requires, as in this case, that it should be sustained. *Greenberg* v. *Greenberg,* 97 Misc. Rep. 153; *Chernoff* v. *Chernoff,* 185 App. Div. 904. The complaint is dismissed, without costs.

Complaint dismissed.