Frank B. Magee, Plaintiff, *v.* James Nealon and Stella Mae Nealon, Defendants.

(Supreme Court, Steuben Equity Term, August, 1919.)

Marriage — when will not be set aside — evidence — Code Civ. Pro. § 1744.

> Where in an action brought under section 1744 of the Code of Civil Procedure by the father of a wife to annul her marriage entered into without the knowledge or consent of her parents when she was fifteen and one-half years of age, and her husband nineteen years old, they both testify to their affection for each other and desire that their marriage should not be set aside, judgment will be entered for the defendants.

Action for the annulment of a marriage.

Harry L. Allen, for plaintiff.

Whiteman & Hill, for defendants.

Sawyer, J. The defendants were married at Elmira, N. Y., March 16, 1919, the said Stella Mae Nealon then being about fifteen and one-half years old, and her husband nineteen. Their marriage was without the knowledge or consent of plaintiff or his wife, the father and mother of defendant Stella Mae, and this action is brought by him for its annulment under the provisions of section 1744 of the Code of Civil Procedure.

Plaintiff's counsel has ably and forcefully presented the case upon the theory that whatever may have

transpired between the parties following the marriage, the statute is mandatory, and it being shown that plaintiff's daughter is under the age of legal consent and married against the desire of her parents, annulment must follow this application as of course.

The marriage was not void *ab initio* but becomes so only after its nullity is declared by a court of competent jurisdiction. Dom. Rel. Law, § 7.

This court has entire jurisdiction and in its determination must proceed as a court of equity, granting or withholding the desired relief as justice requires (*Berry* v. *Berry,* 130 App. Div. 53), except under certain specified contingencies, when the marriage in no event can be annulled. Code Civ. Pro. § 1744.

That a marriage under circumstances such as are here presented is repugnant to our public policy and legislation, and promptly sought to be avoided will be annulled almost as a matter of course is not to be disputed. *Cunningham* v. *Cunningham,* 206 N. Y. 341.

That case differs, however, from the one now under consideration in that there the marriage was never consummated, while these defendants have cohabited as man and wife continuously from their marriage. The evidence is that they returned to plaintiff's home the third day thereafter where, after supper with plaintiff and his wife, they had a general discussion with Mrs. Magee concerning the marriage and its effects.

As a result of this talk the mother and daughter became reconciled and later in the evening, at the mother's suggestion the family retired, defendants occupying together the bedroom which had formerly been that of the young wife. From then until the sixth day of April following, they continued to so reside with plaintiff and his wife and without objection by him.

During this time Mrs. Nealon became pregnant, a situation which plaintiff must have foreseen was likely to occur.

No question of annulling the marriage seems to have been raised after the first evening, except as the mother threatened to procure its annulment if they went elsewhere to live, and it may be said in passing that not until defendants left plaintiff's home to live was this action instituted. Both defendants were sworn upon the trial as witnesses and convincingly testified to their affection for each other and desire that their marriage should not be set aside. One can readily understand the belief of this father and mother that the husband their daughter has chosen is not a suitable one, but she is mature far beyond her age, and my observation of her leads me to conclude that she will not willingly abandon him and if forcibly taken away is not apt to make better use of her future. He is the father of her child and to annul her marriage would leave her with her child, protected from the tongue of scandal only by a statute little known and lightly considered by gossips. Without cause other than the age of his wife, the father should not be deprived of that child, while the child itself, unless good reason therefor is shown, should not be brought into the world dependent upon the charity of grandparents instead of a father able and willing to care for it. *Cunningham* v. *Cunningham, supra,* 344-348.

The later holding in cases of this character is, that the marriage will not be dissolved where the parties thereto object. *Allerton* v. *Allerton,* 104 Misc. Rep. 627; *Marone* v. *Marone,* 105 id. 371.

This should be especially true where the parent seeking its dissolution has by his acquiescence in the marital cohabitation of his daughter practically ratified her marriage and in a sense become responsible

for the fact that an innocent life is about to be brought into the world from it.

Acquiescence which, as here, amounts to consent and ratification must be deemed an estoppel of his right to maintain an action for its annulment.

Upon the facts it seems inequitable to annul defendants' marriage and the law as well as the facts warrants fully a denial of plaintiff's demand therefor.

Should the defendant wife herself later seek to have her marriage annulled other questions will be then of importance, none of which are of course considered at this time.

Judgment is directed for defendants with one bill of costs.

Judgment for defendants.