■    In the Matter of CHARLES J. GULOTTA, Appellant, against ALEXANDER A. FALK et al., Constituting the Civil Service Commission of the State of New York, Respondents.— Petitioner appeals from an order of the Supreme Court, Albany County which dismissed his petition in a proceeding under article 78 of the Civil Practice Act to review and annul a determination of the respondent Civil Service Commission. The petitioner took a promotion examination given by the respondent for the position of Assistant Special Deputy Clerk of the Queens County Court. The examination consisted of 90 multiple choice questions and the candidates were instructed to choose the "most acceptable" answer to each question. The passing grade was 74.50 and the petitioner received a rating of 74.16. He thereafter filed an appeal questioning the correctness of the answers given for several of the questions on the examination. This appeal was dismissed by the respondents with the finding that there was no manifest error in his rating. This article 78 proceeding was then instituted and the court below dismissed the petition finding that there was no arbitrary or capricious action by the respondents. The petitioner challenges the propriety of two questions, asserting that they require a knowledge of the Code of Criminal Procedure which is unnecessary for the position for which the examination was held. The announcement for this examination stated that candidates must have a knowledge of the Code of Criminal Procedure. It is not denied that some such knowledge could properly be required of a candidate for this court position. The extent of such requirement is an administrative and not a judicial question (*Matter of Pollack* v. *Conway*, 276 App. Div. 435, motion for leave to appeal denied 301 N. Y. 816). The petitioner further contends that his answers to the questions in dispute are just as correct and acceptable as the ones given by the respondents. He relies on *Matter of Blumenthal* v. *Morton* (273 App. Div. 497, affd. 298 N. Y. 563). In that case after giving an examination asking for the "best" answer the Commissioner finally accepted 2 or more answers for 9 out of 90 questions. The court held that to permit this when the answers were purportedly susceptible of a "best" answer would be to tolerate a subjective standard. Here the "most acceptable" answer was asked for and only one answer was accepted as such for each question. There is adequate authority for the answers given by the respondents as "most acceptable" and in such a case the court may not substitute its opinion for that of the respondents because a difference of opinion may exist as to which answer is the "most acceptable" (*Matter of Cavanagh* v. *Watson*, 201 Misc. 899, affd. 280 App. Div. 757, motion for leave to appeal denied 304 N. Y. 986; *Matter of Shaughnessy* v. *Falk*, 208 Misc. 788). Order unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.