Benjamin Brenner, J.
The father and guardian ad litem of the infant wife seeks to annul her marriage, pursuant to subdivision 1 of section 7 of the Domestic Relations Law. In the exercise of the discretion provided by that section, I believe that the dissolution here sought would not be in the public interest nor that of the married couple.
The facts as adduced upon the trial are as follows: In October of 1960, after dating one another for about a year, the girl, then 16, and the boy, then 19, eloped and married in the State of Virginia. On their return the following day, the parents of the boy accepted the situation, but not so the parents of the girl, who refused to allow them to stay in their home on the night of their return. After an unsuccessful attempt to separate them, the father suggested that the couple stay at a *934 hotel, and on the following night both he and his wife brought them to another hotel to spend a second night together. Thereafter, the father finally prevailed upon his daughter to separate from her husband, to continue attendance at high school and remain at home. He unsuccessfully sought to prosecute the husband for abduction and, when, on a subsequent occasion, the couple contrived to be together at the home of the boy’s parents, he again sought a solution through criminal action.
The couple cohabited at the time of their elopement as well as on the nights they stayed at the hotels. They probably also cohabited at the home of the husband’s parents. Despite his disclaimer of knowledge, the further consummation of the marriage at the hotels should reasonably have been anticipated by the father. The husband is now of age and has taken part in the alteration of his parent’s home to create a separate, if not a legally independent basement apartment, thus hopefully readying it for its prospective use by himself and his wife. He is capable of substantial earnings and, at the trial, appeared to me to be an upright, responsible individual who is most anxious to take on the burdens of married life and, when reunited, to adequately support his wife. So desirous is he of pleasing her and her parents that he has indicated a willingness to convert from Protestantism to Catholicism when so reunited. His love for her was freely professed in open court. The young lady, for her part, has made like professions of love for the husband. She appears to be quite dutiful, is now graduating from high school and, except for the elopement and her understandable impatience, she has in large part exercised considerable restraint and complied with the wishes of her parents.
The marital status should be upheld, when the underaged persons involved show willingness and capacity for enduring marital life and for the building of a family unit (Magee v. Nealon, 108 Misc. 396). This is the very discretion mandated by the section and repeatedly exercised in favor of validity when the circumstances so required (Magee v. Nealon, supra; Allerton v. Allerton, 104 Misc. 627; Marone v. Marone, 105 Misc. 371). It is also to be noted that while parental consent was here lacking, the consummation of the marital relationship was furthered by the father and mother of the wife when they suggested that the couple spend several nights together at hotels. This, it seems to me, constituted a measure of ratification of the matrimonial status (Magee v. Nealon, supra).
We know from our experience in the matrimonial courts that maturity of body alone is no sure foundation for a satisfactory marriage. What is needed is maturity of both body *935 and mind, which quite often does occur in the case of a youthful couple while sometimes absent in people of age. Where it is present, as it is here, though it be a marriage without parental consent, the marriage deserves to be sustained.
Mindful as I am of all the reasons advanced by the father for the abrogation of the marriage, and giving due consideration to the duty of a parent to guide his child and to prevent her from an improvident marriage, I nevertheless find that the evidence presented by him upon trial offers little more than mere nonage and relentless opposition to the husband, which alone form no basis for the action. (Todaro v. Todaro, 120 Misc. 807.) This couple has now been forcefully parted for some 15 months. Evidence usually needed to annul for nonage, similar to that which constitutes grounds for a decree of divorce or separation, does not exist. Nor do the circumstances warrant their continued enforced separation. They have already been sorely tried and they plainly deserve to put their marriage to the ultimate test of a single residence without parental interference, for which, in the light of their heartbreaking experience, they deserve the wholehearted support of all involved. The defendant is therefore entitled to a dismissal of the complaint. The motion for a counsel fee to him is denied.