ROSE TODARO, by FRANCES BELMONT, Her Guardian ad Litem, Plaintiff, *v.* GIOVANNI TODARO, Defendant.

Supreme Court, New York Special Term, May, 1923.

Husband and wife — annulment of marriage — allegation that wife was under age of consent — false statements to clergyman — when complaint will be dismissed.

The statute (Dom. Rel. Law, § 7[1], as amd. in 1922) requires that something more than the fact of non-age shall be the basis of an action for the annulment of a marriage.

About three years previous to the commencement of the action plaintiff was married to defendant with the knowledge and consent of her mother, her father being dead. At the time of the marriage, plaintiff who has the appearance of a mature woman, with intent to deceive the clergyman who performed the ceremony, stated to him that she was nineteen years old. On the trial of an action to annul the marriage because of plaintiff's non-age, brought under the amended statute, both the plaintiff and her mother testified that plaintiff was then only fourteen years of age and there was no evidence to show that the parties should not continue to abide together as husband and wife except that she had changed her mind. *Held,* that the complaint should be dismissed upon the merits and it is so ordered.

ACTION to annul a marriage.

*John Mazzei,* for plaintiff.

No appearance for defendant.

TIERNEY, J. The plaintiff commenced this action against the defendant on February 6, 1923, to annul her marriage with the defendant on the ground of her non-age. The defendant failed to appear or answer. Subdivision 1 of section 7 of the Domestic Relations Law, as amended by chapter 313, Laws of 1922, which became effective September 1, 1922, provides that " non-age shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court, which shall take into consideration all the facts and circumstances surrounding such marriage." It appears from the testimony in this case that the plaintiff was married to the defendant almost three years ago by a clergyman of the faith in which she had been brought up. The ceremony was performed with the knowledge and consent of the plaintiff's mother, her father having died some years before. At the time of the marriage plaintiff stated she was nineteen years old. On the trial both plaintiff and her mother testified that plaintiff was then only fourteen years of age. She has the appearance of a mature woman. It is apparent from the evidence that the false statement of plaintiff's age was willfully

Supreme Court, May, 1923.    [Vol. 120

and intentionally made to deceive the clergyman who performed the ceremony in good faith relying on the declarations of the parties, and that plaintiff fully realized the nature of the fraud she perpetrated, and her mother was necessarily a party to the fraud. It is obviously the intention of the legislature to abolish the license afforded by the prior state of the law to permit persons under eighteen years of age to make trial marriages which they could repudiate without penalty. It recognizes that a marriage may be validly contracted by a person under that age that public policy dictates should not be annulled at the mere desire of the parties. The discretion of the court should be moved by consideration of whether an advantage has been taken of the inexperience of the plaintiff to entrap her into a relation that she would not have assumed if endowed with more mature judgment or whether the legal status of a wife was entered into without serious intention of assuming its responsibilities. There is nothing presented in this case that shows that these parties should not continue to abide together as husband and wife except that the wife three years after the marriage has changed her mind and that she was comparatively young when it was contracted with the approval and consent of her mother. The obligation of the statute that all the facts and circumstances shall be considered and a discretion thereupon exercised as to whether to annul the marriage upon the ground of non-age requires that something more than the mere fact of non-age shall be the basis for action. If this marriage is entitled to be annulled because of the plaintiff's non-age the amendment of the statute would be futile and the law might as well have been left as it was. The complaint is dismissed on the merits. Order signed.

Ordered accordingly.