MATHILDA DANIELE, otherwise MARGULIES, petitioner.

*v.*

EMANUEL MARGULIES, defendant.

[Decided July 16th, 1923.]

1. At the time of their marriage the defendant was a lunatic and of unsound mind, and incapable of consenting thereto; the petitioner was ignorant of such incapacity and was not made cognizant thereof until afterwards and did not ratify the marriage after such discovery. —*Held,* that petitioner was entitled to a decree annulling the marriage, notwithstanding consummation and the birth of issue.

2. Such issue is legitimate under *Comp. Stat. p. 2021 § 1 subdiv. 6.*

---

On petition for nullity of marriage. On final hearing, on master's report and depositions *ex parte.*

*Mr. William Caruso,* for the petitioner.

WALKER, CHANCELLOR.

This is a suit for annulment of marriage on the ground that at the time of the ceremony the defendant was incapable of consenting thereto, being a lunatic and of unsound mind, and bereft of reason to truly comprehend the nature of the marriage contract and deprived of the will to give intelligent consent thereto; that petitioner was ignorant of such incapacity and was not made cognizant thereof until afterwards, when petitioner discovered that defendant was afflicted with *dementia præcox,* and separated from him; that petitioner had not ratified the marriage after such discovery; and also for certain fraudulent misrepresentations, which it is unnecessary to mention, as the principal cause is sufficient; besides, as defendant was incapable of consenting to the marriage, he probably was incapable of making the representa-

tions in such a way as to be responsible for them. The case is abundantly proved, and the master reports favorably. The question thus squarely presented is whether or not insanity at the time of marriage in one of the parties, unknown to the other, is sufficient cause for annulment of the contract?

In *Allen* v. *Allen, 85 N. J. Eq. 55,* a suit was brought to annul a marriage on account of defendant's concealment of a taint of hereditary insanity, and a decree was denied for want of adequate proof of the fact that defendant was at the time of his marriage afflicted with a taint of insanity; and the vice-chancellor intimated that the cause alleged was insufficient. The court of errors and appeals, in affirming the decree—*Ibid., 86 N. J. Eq. 441,* said (at *p. 442*) : "We conclude therefore that the complainant's bill was properly dismissed for failure of proof to support the allegations of her bill. Reaching this conclusion, for the reasons stated, we find it unnecessary to consider the interesting question discussed by the learned vice-chancellor in his opinion, viz., whether the fact that one of the parties to a marriage is insane at the time when the marriage takes place, and intentionally conceals that fact from the other party to the marriage, affords just ground for its annulment."

In *Davis* v. *Davis, 90 N. J. Eq. 158,* Vice-Chancellor Lane, discussing *Allen* v. *Allen,* said (at *p. 161*) : "If the vice-chancellor meant to express the opinion that the existence of the condition indicated by the court of errors and appeals would not be sufficient ground for relief, I think he is opposed by the weight of authority. See note to *Ridgely* v. *Ridgely, 25 L. A. R. 800."* And I concur in Vice-Chancellor Lane's opinion. There are cases in other jurisdictions which hold insanity to be cause for annulment, but I shall not review them. Mr. Bishop states the doctrine thus:

"It would seem to be a plain proposition that, as marriage proceeds from the free and concurring consent of two competent persons, the insanity of one of the parties renders any formal coming together or solemnization ineffectual to make them husband and wife." *1 Bish. M., D. & S. § 645.*

The jurisdiction of this court to annul a marriage on the ground of fraud, want of mutual consent, duress, &c., has been established beyond controversy. *Ysern* v. *Horter, 91 N. J. Eq. 189,* and cases cited at *p. 193.* And insanity is one of them.

It is true that these parties lived together from April 27th, 1922, the time of the marriage, until some time in July, 1922, between two and three months thereafter, when they separated, and that a baby girl was born to the parties in February, 1923, after their separation.

Vice-Chancellor Lane in *Davis* v. *Davis, supra,* where the husband was afflicted with a contagious disease which he concealed from his wife during the six months they lived together (until the discovery by the wife of the existence of the disease), notwithstanding the fact that there was consummation of the marriage and a child born, granted annulment.

Non-consummation is not an absolute requisite to the annulment of a marriage for fraud in all cases, and especially is this so in the presence of section 1, subdivision 6 of the Divorce act (*Comp. Stat. p. 2021*), which provides, *inter alia,* that a decree of nullity of marriage shall not render illegitimate the issue of any marriage so dissolved, except where the marriage is dissolved because either of the parties had another wife or husband living at the time of the second or other marriage. Besides, insanity cannot be said to be fraud. It is want of capacity—capacity to consent, in the absence of which the law declares the marriage to be invalid. It may of course be ratified. That was not done here.

Decree *nisi* accordingly.