MARION APPLEBY FOLEY, an Infant, etc., Plaintiff, *v.* WILLIAM FOLEY, an Infant, etc., Defendant.

Supreme Court, Oswego County, March, 1924.

Husband and wife — action to annul marriage under Domestic Relations Law, § 7, subd. 1, as amd., on ground of non-age — marriage not consummated — whether or not successful marriage will result is determining factor — annulment granted.

A marriage between a girl fifteen years of age and a boy seventeen years of age should be annulled under subdivision 1 of section 7 of the Domestic Relations Law, as amended by chapter 313 of the Laws of 1922, providing that " non-age shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage," where it appears that the parties were married without the knowledge or consent of their parents; that they are of different religions; that they have little education; and that the boy has no financial ability.

The determining factor as to whether or not an annulment should be granted under the statute is whether under all the circumstances of the case it is probable that a successful marriage and a true family relation will result from the union of the two persons.

ACTION to annul a marriage.

*Harry M. Stacy,* for plaintiff.

*George W. Davis,* for defendant.

CHENEY, J. Plaintiff, who was fifteen years old, and defendant, who was seventeen years old, were married on October 14, 1923. These two children, without the knowledge of the parents of either, ran away from their homes at Oswego, N. Y., and went to Syracuse. There they attempted to get a marriage license, but being so palpably under age, the city clerk refused to issue one without the consent of their parents. They then went to Auburn, where the city clerk was not so particular, and accepted their uncorroborated statement in the application that they were each over eighteen years of age. He issued the license, and they found an accommodating justice of the peace, who also failed to use his eyes, and married them. Then they came back to Syracuse, where they were discovered by their parents and returned to their respective homes in Oswego. The marriage was never consummated and the parties have never lived together as husband and wife at all.

This action is brought to annul the marriage. Prior to 1922 a simple statement of the facts as above would have been sufficient to authorize, if not to compel, the court to annul the marriage. In that year the legislature amended section 7 of the Domestic

Relations Law, which up to that time had read as follows: " Voidable marriages. A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto: 1. Is under the age of legal consent, which is eighteen years," by adding the words, " Provided that such nonage shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage."

In commenting on this amendment the court has said: " It is obviously the intention of the legislature to abolish the license afforded by the prior state of the law to permit persons under eighteen years of age to make trial marriages which they could repudiate without penalty. It recognizes that a marriage may be validly contracted by a person under that age that public policy dictates should not be annulled at the mere desire of the parties. The discretion of the court should be moved by consideration of whether an advantage has been taken of the inexperience of the plaintiff to entrap her into a relation that she would not have assumed, if endowed with more mature judgment, or whether the legal status of a wife was entered into without serious intention of assuming its responsibilities." _Todaro_ v. _Todaro_, 120 Misc. Rep. 807. " Courts should in the future, and no doubt will, exercise extreme care in these cases, and unless sufficient facts and circumstances surrounding the marriage are shown to justify a finding of annulment, outside of mere non-age, will refuse a decree." _Lazarczyk_ v. _Lazarczyk_, 121 Misc, Rep. 723.

No measure is set by the statute by which the discretion which it vests in the court is to be gauged, except " all the facts and circumstances surrounding such marriage." In the foregoing two cases the annulment was denied, but in each of them it appeared that the marriage was with the consent of the parents of the infant, that the marriage had been followed by cohabitation for a considerable period, and in one at least by the birth of a child.

The Court of Appeals, in discussing the effect of statutes avoiding marriages contracted by those under age has said (_Cunningham_ v. _Cunningham_, 206 N. Y. 341): " Ordinarily a contract which is prohibited by statute is a void contract and unenforcible. But marriage contracts have always been considered as involving questions of public policy, and the interests of others than those of the contracting parties, and should, therefore, be construed in accordance with such policy. The legislatures, therefore, of most of our states have deemed it unwise to permit marriage contracts to be entered into between minors whose judgment and discretion

were still immature. And yet where the contract has been made which has been followed by cohabitation, it has not been considered good policy to declare such marriage void, for it might be followed by the birth of children whose legitimacy might be affected thereby. It has, therefore, been held in several states that statutes prohibiting a marriage under an age specified, in the absence of an express declaration that it should be void, were directory merely and the contract was not void but voidable. * * * It appears to me that the construction of the statute given below defeats the purpose of the legislature in establishing an age limitation and becomes exceedingly burdensome upon minor children of immature years whose consent to the ceremony may have been obtained without their knowing or comprehending its full meaning and import. No public policy calls for such a construction, and to my mind the legislative intent was to make such marriage voidable, so that the courts in a proper case may relieve the infant party.''

The public policy expressed in that case is reflected in the recent legislation. It is evident that there are two classes of such marriages, in one of which the marriage is followed by cohabitation, and the other where it is not. In the first class the interests of children or possible children are to be considered, and it may well be said that such a marriage should not be annulled unless there are circumstances which would entitle the infant to relief, such as would permit of a divorce or a separation as illustrations. In the second class such other interests are not involved, and the determining factor should be whether or not under all the circumstances of the case it is probable that a successful marriage and a true family relation will result from the union of the two persons, and consideration should be given to the immaturity and lack of education in the essentials of the family relation, and the ability of the husband unassisted to support a home.

In this case both contracting parties are very young, the boy seventeen years old and the girl fifteen; they are of different religions; they have not had much education, the boy having attended grammar school only, and the girl just commencing high school work. While no criticism is made of the boy's character, he has no financial ability, he has no trade and is working practically as a laborer in a shop, where his earnings are small.

Under all the circumstances, it would seem that the interests of both these persons and that of the public as well would be best served by avoiding this foolish act committed by them and annulling the marriage.

The great fault in this case, as in most cases of this character, lies with the parents. It appears in this case that they permitted

this girl to frequent moving picture shows unaccompanied by any person but her companions of about the same age or possibly a little older; that the acquaintance of the parties was made at one of these places in the unconventional manner which is prevalent there; that after the acquaintance was formed, they permitted the boy to call upon the girl in her home two or three times a week, where they visited together alone, that no effort was made to break up the growing intimacy until too late, and even then they permitted the girl to go about the city alone and be away over night at the home of her sister. Parents should understand that a responsibility rests upon them to look after their children and see to it that they do not form entangling alliances, and should not ask the court to relieve them from a situation which is the result of their own negligence.

Criticism is also due to the officer who issued the license and the person who performed the marriage ceremony. These two young people were obviously under age, and a decent regard for the obligations of their offices should have compelled an investigation before acting. There is no way of reaching them in this proceeding, but I cannot let their dereliction pass unnoticed.

Judgment of annulment is granted.

Judgment accordingly.