Essex County Orphans Court.

IN THE MATTER OF THE ESTATE OF JOSEPH DeCONZA, DECEASED.

Decided March 18, 1935.

For Karin Edstrom DeConza, petitioner for letters of administration, *Egner & Beatty* (by *Lloyd Beatty*).

For Teresa Leone, caveatrix, *Anthony D. Appice* (by *Peter S. Ferlanti*).

HARTSHORNE, C. C. J. This is a contest as to who is entitled to administration of the estate of the decedent, Joseph DeConza, the contestants being Karin Edstrom DeConza, who went through a marriage ceremony with the decedent, six days before he died, in the Mountainside Hospital, Montclair, and decedent's sister, who claims that such marriage is void, because of decedent's lack of mental capacity to contract a marriage. The specific issue is whether or not evidence as to such incapacity is admissible here, the objection being that same amounts to a collateral attack on the marriage, whereas such marriage must be considered valid, unless and until set aside by direct attack in equity.

This objection is both right and wrong, the distinction depending upon whether or not the marriage is totally void or merely voidable. If void, no marriage exists, and any court, in any proceeding, where the issue arises, can so find. 76 *A. L. R.* 771 note. On the other hand, if the marriage is voidable, such may be terminated only by death or

the decree of a competent tribunal, to wit, equity in New Jersey. *Ysern* v. *Horter,* 94 *N. J. Eq.* 135; *Re DeConza,* 13 *N. J. Mis. R.* 41. On general principles, at common law, since marriage is a contract, and there must be a meeting of the minds to contract, a person who is without mentality cannot contract; there is no contract and no marriage, or, in other words, the marriage is absolutely void. Such is the weight of authority, though there are certain jurisdictions to the contrary. 38 *Corpus Juris, "Marriage,"* § 14c *p.* 1285. Under such circumstances, any court may determine such question in any proceeding, as seen above.

But the institution of marriage is peculiarly a social compact, and, hence, subject to the social control of the public and the state. Its existence and incidents at common law may, therefore, be altered by the state. This New Jersey has done, and, with specific regard to marriages, where there was "incapacity to consent." *Pamph. L.* 1931, *ch.* 311, *p.* 783; 1931 *Stat. Serv.,* § 62-1. By such act, the legislature has provided for annulment proceedings in equity, in such a situation. In such act the legislature has further provided that any such decree "shall not render illegitimate the issue of any marriage so dissolved," with a specific exception as to marriages where there was another wife or husband living. In other words, with that exception, it was the legislative intention that the marriages should be considered valid until nullified by decree, and that even when so nullified, the marriage should continue valid as far as the issue were concerned.

Hence, the legislature of this state has expressed the public policy of this state to be contrary to the common law, to wit, that a formal marriage, even where one of the parties is, in fact, incapable mentally of consenting, is voidable, and not void. New Jersey, thus, is in accord with a series of other states which have, by statute, made a marriage under such circumstances voidable only. See 38 *C. J., "Marriage,"* § 14c.

Applying the above principles, therefore, this court cannot entertain evidence as to the mental incapacity of the decedent at the time of his marriage, and administration will be granted to Karin Edstrom DeConza.