## JEAN ADELE (GOODWIN) KEENAN
### *vs.*
### · CHRISTOPHER JOSEPH KEENAN

Superior Court        Hartford County        File No. 62108

MEMORANDUM FILED JUNE 26, 1940.

*J. Robert Galvin*, of Hartford, for the Plaintiff.

O'SULLIVAN, J.   The parties in this case were married in the State of New York on November 1, 1937, when the plaintiff was not 18 years old.   After the ceremony, they immediately returned to Connecticut.   The plaintiff remained willing for some time thereafter to live with her husband as man and wife but he refused, for reasons best known to himself, and the result has been an unconsummated marriage which this action seeks to annul.

Generally accepted is the rule that, save in certain extreme cases, a marriage valid where the ceremony is performed is valid everywhere.   As the marriage in this case was performed in the State of New York, the law of that state must govern the disposition of the present action.   *Davis vs. Davis,* 119 Conn. 194.

Section 7 of chapter 14 of the Consolidated Laws of New York (Domestic Relations Law) provides that "a marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto....is under the age of legal consent, which is eighteen years, provided that such nonage shall not of itself constitute an absolute right to the

annulment of such marriage but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage."

It is obvious from the foregoing that the plaintiff's marriage was not void. Persons under the age of 18 may contract a valid marriage in New York, and it will not be annulled upon the mere desire of one or both parties. *Todaro vs. Todaro,* 120 Misc. 807, 200 N.Y.S. 567; *Lazarczyk vs. Lazarczyk,* 121 Misc. 723, 201 N.Y.S. 816; *Foley vs. Foley,* 122 Misc. 663, 203 N.Y.S. 674.

Nevertheless, a person of nonage may apply for relief and, if wise discretion permits in the light of all the facts and circumstances, a court may declare the marriage void, not from the date of the ceremony but from the time the decree of nullity enters.

It seems unnecessary to recite the circumstances of the instant case. Suffice it to say that, in the main, they are not dissimilar to those found in the *Foley* case, *supra*, in which the marriage was annulled, and which serves as a precedent for action in this court.

Accordingly, a decree may enter annulling the marriage of the plaintiff to the defendant, and declaring that her legal name shall be her maiden name, Jean Adele Goodwin.