## NANCY ANN MANNARO
*vs.*
## JAMES MANNARO

Superior Court      New Haven County      File No. 59479

MEMORANDUM FILED FEBRUARY 5, 1941.

*Watrous, Hewitt, Gumbart & Corbin,* and *J. Stephen Knight,* of New Haven, for the Plaintiff.

BALDWIN, J. The parties to this case were married in the State of New Jersey on July 9, 1935. The plaintiff then was under the age of 16 years. On July 1, 1936, a son was born of this marriage. Since July, 1936, plaintiff has never seen the defendant, and neither upon her arrival at the age of 18 years nor subsequently thereto has she ever confirmed the marriage. She now seeks an annulment of the marriage and custody of the child.

Section 1316e of the 1939 Supplement to the General Statutes provides, in part, as follows: "Whenever from any cause any marriage shall be void or voidable under the laws of this state or of the state in which such marriage was performed, the superior court may, upon complaint, pass a decree declaring such marriage void...."

It is clear from the language of our statute that it was the intention of the Legislature that the laws of the state where the marriage is performed relating to the voidability of the marriage may apply in an action for annulment in this State.

The New Jersey Statutes Annotated, title 2, chapter 50, article 1, section 2:50-1, provides, in part, as follows: "Decrees of nullity of marriage may be rendered in all cases, when:.... [e] At the suit of the wife, when she was under the age of eighteen years at the time of the marriage, unless such marriage be confirmed by her after arriving at such age."

Under the New Jersey statute, which under our statute governs in this case, plaintiff is entitled to a decree of annulment which takes effect on the date of its entry, the result of which is that this marriage, not being void, but voidable at the time, was valid until a decree of nullity is entered and therefore legitimacy of children born of such a marriage is not affected.

Another New Jersey statute specifically provides for the legitimacy of the children of such marriages: "A decree of nullity of marriage shall not render illegitimate the issue of any marriage so dissolved, except when the marriage, not being a ceremonial one, is dissolved because either party had another wife or husband living at the time of a second or other marriage. Such marriage shall be deemed void ab initio, and the issue thereof shall be illegitimate." (N.J. Stat. Anno., tit. 2, chap. 50, art. 4, §2:50-33.)

See *Daniele vs. Marguilies*, 95 N.J. Eq. 9, 121 Atl. 772; *In re DeConza*, 13 N.J. Misc. 281, 177 Atl. 847; *Titsworth vs. Titsworth*, 78 N.J. Eq. 47, 78 Atl. 687. *See, also, Keenan vs. Keenan*, 8 Conn. Sup. 288.

A decree of annulment may enter and the plaintiff is awarded custody of the child.